UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ERNESTINE WELCH,

                               Plaintiff,

                                                                         1:19-CV-846
          v.                                                         (BKS/DJS)

BIO-REFERENCE LABORATORIES, INC., *et al*.,

                               Defendants.
_____

**APPEARANCES:**                                          **OF COUNSEL:**

ERNESTINE WELCH
Plaintiff, *Pro Se*
P.O. Box 273
Hudson, NY 12534

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

     The Clerk has sent to the Court a *pro se* Complaint filed by Ernestine Welch. Dkt. No. 1, Compl. Plaintiff has not paid the filing fee, but instead submitted a Motion to Proceed in Forma Pauperis (IFP) as well as a supplemental submission. Dkt. Nos. 2 & 7. Plaintiff has also submitted a motion for appointment of counsel. Dkt. No. 3. By separate Order, this Court granted Plaintiff's Application to proceed IFP. Now, in accordance with 28 U.S.C. § 1915(e), the Court will *sua sponte* review the sufficiency of the Complaint.

# I. DISCUSSION

## A. Pleading Requirements

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

In reviewing a *pro se* complaint, this Court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint

is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. at 678 (further citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, for the proposition that Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 Fed. Appx. 102, 104 (2d Cir. 2009).

### B. Allegations Contained in Plaintiff's Complaint

The Complaint alleges that Plaintiff reported a workplace complaint regarding harassment and unprofessional behavior by a fellow employee to Superintendent "Shanley" as well as to her supervisors, Terri Tucker and Jean Vought. Compl. at p. 2.[1] Plaintiff appears to allege that she was then terminated and replaced by Jean Vought's step-daughter. *Id*. The Complaint contains causes of action for discrimination based on race and a background check, harassment based on race, and retaliation. *Id*. at p. 3. Plaintiff also indicates that she brings her case pursuant to Title VII, the Americans with

---

[1] As the pages of the Complaint are unnumbered, the Court will refer to the pagination assigned by the Court's CM/ECF when citing to the Complaint.

Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), and the Age Discrimination in Employment Act (ADEA). *Id.* at p. 1. Plaintiff seeks compensatory and punitive damages, as well as reinstatement at her job. *Id.* at p. 4.

### C. Analysis of Plaintiff's Claims

#### *1. GINA*

GINA makes it an unlawful employment practice for an employer "to fail or refuse to hire, or to discharge, any employee, or otherwise to discriminate against any employee with respect to the compensation, terms, conditions, or privileges of employment of the employee, because of genetic information with respect to the employee." 42 U.S.C. § 2000ff-1(a)(1). To state a claim under GINA, Plaintiff must allege "(1) that she was an employee; (2) who was discharged or deprived of employment opportunities; (3) because of information from Plaintiff's genetic tests." *Allen v. Verizon Wireless*, 2013 WL 2467923, at *23 (D. Conn. June 6, 2013) (quoting *Leone v. North Jersey Orthopaedic Specialists, P.A.*, 2012 WL 1535198, at *5 (D.N.J. Apr. 27, 2012) (internal quotation marks omitted)). There are no allegations regarding genetic tests in the Complaint. As such, this claim fails and should be dismissed. *See Seck v. Info. Mgmt. Network*, 697 Fed. Appx. 33, 34 (2d Cir. 2017) (summary order); *Guan v. New York State Dep't of Envtl. Conservation*, 2019 WL 1284260, at *6 (E.D.N.Y. Mar. 20, 2019).

#### *2. ADA*

The ADA prohibits employers from "discriminat[ing] against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). "To plead a Title I violation, a plaintiff must allege that (1) the defendant is subject to the ADA; (2) plaintiff is disabled

- 4 -

within the meaning of the statute or perceived to be so by his or her employer; (3) he or she was otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; and (4) he or she was subject to an adverse employment action because of his or her disability." *Arcuri v. Schoch*, 2015 WL 5652336, at *4 (N.D.N.Y. Sept. 24, 2015) (citing *Brady v. Wal-mart Stores, Inc.,* 531 F.3d 127, 134 (2d Cir. 2008)). Here, Plaintiff has failed to allege these elements; most significantly, she has not alleged that she is disabled or was perceived to be so by her employer. As such, the Court recommends this claim be dismissed. *See, e.g., Townsend v. Public Storage Inc.*, 2014 WL 1764432, at *6 (N.D.N.Y. Apr. 30, 2014).

### *3. ADEA*

The ADEA makes it unlawful for an employer to "fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges or employment, because of such individual's age." 29 U.S.C. § 623(a)(1). A plaintiff alleging violations of the ADEA must allege "(1) that she was within the protected age group, (2) that she was qualified for the position, (3) that she experienced adverse employment action, and (4) that such action occurred under circumstances giving rise to an inference of discrimination." *Davis v. New York City Dep't of Corr.*, 2017 WL 5634123, at *7 (E.D.N.Y. Nov. 22, 2017) (quoting *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 107 (2d Cir. 2010) (internal quotation marks omitted)). Plaintiff has not alleged that she was within the protected age group. As such, her ADEA claim fails and the Court recommends that it be dismissed.

*4. Title VII*

"A plaintiff asserting a Title VII discrimination claim must allege facts showing that '(1) the employer took adverse action against him and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision,' which can be shown 'by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination.'" *Jackson v. Roe*, 2016 WL 3512178, at *3 (E.D.N.Y. June 22, 2016) (quoting *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86-87 (2d Cir. 2015)).

Plaintiff alleges that she was discriminated against on the basis of race and retaliated against based on "protected class," presumably also relating to race. Plaintiff may intend to allege, as indicated in her first cause of action, that she was discriminated against by way of Defendants' performance of a background check. *See* Compl. at p. 3. No facts are alleged regarding this, however. In any event, Plaintiff never alleges that she is a member of a protected class. *See Kiraka v. M & T Bank*, 2018 WL 6982085, at *3 (N.D.N.Y. Nov. 7, 2018) ("[O]ther than checking the box on the complaint indicating she was discriminated against because of her race or color, Plaintiff has alleged no facts plausibly suggesting her membership in a protected class, or that the alleged adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent."). The Court therefore recommends that Plaintiff's Title VII claims be dismissed.

## 5. Nature of Dismissal

"Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Bruce v. Tompkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991)). However, where the grounds for dismissal offer no basis for curing the defects in the pleading, dismissal with prejudice is appropriate. *Kunz v. Brazill*, 2015 WL 792096, at *3 (N.D.N.Y. Feb. 25, 2015). Here, it is possible that Plaintiff could make out a proper claim or claims if given the opportunity to replead. Therefore, in light of Plaintiff's *pro se* status, the Court recommends that she be given an opportunity to replead her claims before they be dismissed.

Should Plaintiff be directed by the District Judge to file an amended complaint, I offer the following guidance. Any such second amended complaint, **which shall supersede and replace in its entirety the previous Complaint filed by Plaintiff**, must contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit and must bear the case number assigned to this action. The body of Plaintiff's amended complaint must contain **sequentially numbered paragraphs containing only one act of misconduct per paragraph**. Thus, if Plaintiff claims that her civil and/or constitutional rights were violated by more than one defendant, or on more than one occasion, she should include a corresponding number of paragraphs in her amended complaint for each such allegation, with each paragraph specifying (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the

names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and, (v) the nexus between such misconduct and Plaintiff's civil and/or constitutional rights.

Plaintiff is further cautioned that no portion of any prior complaint shall be incorporated into her second amended complaint by reference. **<u>Plaintiff shall state in the single amended complaint all claims that she wishes this Court to consider as a basis for awarding Plaintiff relief herein; her failure to file such a pleading will result in dismissal of this action without further Order of the Court</u>**. Plaintiff is referred to Federal Rules of Civil Procedure 8 and 10 as to the proper form for her pleadings.

## II. PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

Finally, Plaintiff has also submitted a request for appointment of counsel. Dkt. No. 3. The application indicates that Plaintiff has been unsuccessful in her efforts to obtain counsel on her own from the private sector. *Id.*

As an initial matter, "[a] party has no constitutionally guaranteed right to the assistance of counsel in a civil case." *Leftridge v. Connecticut State Trooper Officer No. 1283*, 640 F.3d 62, 68 (2d Cir. 2011) (citations omitted). Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, a number of factors must be carefully considered by the court in ruling upon such a motion. As a threshold matter, the court should ascertain whether the indigent's claims seem likely to be of substance. A motion for appointment of counsel may be properly denied if the court concludes that the plaintiff's "chances of success are highly dubious." *Leftridge v.*

*Connecticut State Trooper Officer No. 1283*, 640 F.3d at 69. If the court finds that the claims have substance, the court should then consider:

> [T]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in th[e] case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986)). This is not to say that all, or indeed any, of these factors are controlling in a particular case. Rather, each case must be decided on its own facts. *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (citing *Hodge v. Police Officers*, 802 F.2d at 61).

In the present matter, the Court has recommended the Complaint be dismissed in its entirety; as such, Plaintiff has not demonstrated that her claims are likely to be of merit. The Court therefore denies Plaintiff's request without prejudice.

### III. CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint be **DISMISSED with leave to replead**; and it is

**ORDERED**, that Plaintiff's request for appointment of counsel (Dkt. No. 3) is **DENIED without prejudice to renew**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[2] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.</u>** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: October 1, 2019
       Albany, NY

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[2] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).