UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ERNESTINE WELCH,

                               Plaintiff,

                v.                                 1:19-CV-846
                                                         (BKS/DJS)

BIO-REFERENCE LABORATORIES, INC.,[1]

                               Defendants.
_____

**APPEARANCES:**                                  **OF COUNSEL:**

ERNESTINE WELCH
Plaintiff, *Pro Se*
P.O. Box 273
Hudson, NY 12534

**DANIEL J. STEWART**
**United States Magistrate Judge**

# DECISION and ORDER

      Plaintiff filed the instant action in July of 2019, submitting a Motion to Proceed in Forma Pauperis. Dkt. Nos. 1 & 2. The Court granted Plaintiff's Application to proceed IFP, and on review of the Complaint, recommended that it be dismissed with leave to replead. Dkt. Nos. 9 & 10. Plaintiff then filed an Amended Complaint, and the District Court adopted the Report-Recommendation and Order and referred the Amended Complaint to this Court to review pursuant to 28 U.S.C. § 1915(e). Dkt. Nos. 11 & 13.

---

[1] Plaintiff's original Complaint named Terry Tucker and Jean Vought as Defendants in this action. Dkt. No. 1. In her Amended Complaint, however, it appears that Plaintiff does not intend to include them as Defendants. *See* Dkt. No. 11 (Terry Tucker and Jean Vought are not included in the case caption or in the "jurisdiction, parties, and venue" section of the Amended Complaint). The Court therefore directs that they be removed as Defendants in this case.

## I. DISCUSSION

### A. Pleading Requirements

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

In reviewing a *pro se* complaint, this Court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint

is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. at 678 (further citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, for the proposition that Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 Fed. Appx. 102, 104 (2d Cir. 2009).

### B. Allegations Contained in Plaintiff's Complaint

The Amended Complaint alleges that Plaintiff was a phlebotomist employed by Bio-Reference Laboratories, Inc., through which she worked at Coxsackie Correctional Facility each week since 2010. Dkt. No. 11, Am. Compl., p. 2.[2] At some point, Lisa Mazza, Medical Director, began checking in on Plaintiff's work and discussing Plaintiff with other employees; she tracked Plaintiff's hours, questioned Plaintiff's workers' compensation medical history, and complained when medical accommodations were made for Plaintiff, creating a hostile work environment for Plaintiff. *Id.* at pp. 2-3.

---

[2] Citations to the Amended Complaint is to the pagination assigned by the Court's CM/ECF system.

Plaintiff was the only African-American female working under Lisa Mazza's supervision performing certain work. *Id.* at p. 3. Plaintiff reported the harassment and intimidation to the Superintendent on August 21, 2018. *Id.* Plaintiff's supervisor, who was already aware of Plaintiff's concerns, immediately contacted Plaintiff and was upset with Plaintiff for reporting the allegations. *Id.* On August 24, 2018, Plaintiff's schedule was changed, placing her at a much less convenient location. *Id.* at p. 4. Plaintiff alleges that this move was in retaliation for her reporting the harassment. *Id.* On October 1, 2018, Plaintiff received a lock-out order as a result of a background check that she had undergone in March of 2018; she was then not permitted to clarify information in the background check, which another employee had been permitted to do. *Id.* at pp. 4-5. On October 3, 2018, Plaintiff's employment was terminated. *Id.* at p. 6. Plaintiff had never received any complaints until Lisa Mazza took her position in 2017. *Id.* at pp. 5-6. Plaintiff filed a Request for Review of Action to the EEOC on April 30, 2019, and on June 21, 2019, received a Notice of Right to Sue letter from the EEOC. *Id.* at p. 5.

Plaintiff appears to make claims of discrimination, retaliation, and hostile work environment based on race under Title VII. Plaintiff seeks compensatory and punitive damages. *Id.* at p. 6.

### C. Analysis of Plaintiff's Claims

"A plaintiff asserting a Title VII discrimination claim must allege facts showing that '(1) the employer took adverse action against him and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision,' which can be shown 'by alleging facts that directly show discrimination or facts that indirectly show

discrimination by giving rise to a plausible inference of discrimination.'" *Jackson v. Roe*, 2016 WL 3512178, at *3 (E.D.N.Y. June 22, 2016) (quoting *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86-87 (2d Cir. 2015)). Construing the Amended Complaint liberally, Plaintiff has sufficiently pled Title VII discrimination based on her race to survive initial review.

In addition, "[t]o state a claim for retaliation in violation of Title VII, a plaintiff must plead facts that would tend to show that: (1) she participated in a protected activity known to the defendant; (2) the defendant took an employment action disadvantaging her; and (3) there exists a causal connection between the protected activity and the adverse action." *Patane v. Clark*, 508 F.3d 106, 115 (2d Cir. 2007) (citation omitted). Here, Plaintiff alleges that she was dismissed from her position, "due to retaliation of complaint made on August 21, 2018." Am. Compl. at p. 6. She contends that she was "subjected to an adverse employment action and [ ] there was [a] causal connection between her 'protected activity' and that adverse action." *Id.* At this stage in the case, Plaintiff's Title VII retaliation claim is sufficient to proceed.

Finally, "[t]o state a claim for a hostile work environment in violation of Title VII, a plaintiff must plead facts that would tend to show that the complained of conduct: (1) is objectively severe or pervasive—that is, . . . creates an environment that a reasonable person would find hostile or abusive; (2) creates an environment that the plaintiff subjectively perceives as hostile or abusive; and (3) creates such an environment because of the plaintiff's [protected class]." *Patane v. Clark*, 508 F.3d at 115 (internal quotation

marks omitted) (citation omitted). The Court finds that, at this early stage in the case, Plaintiff has sufficiently stated a hostile work environment claim to survive initial review.

## II. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's Amended Complaint (Dkt. No. 11) be accepted for filing; and it is further

**ORDERED**, that Defendants Terry Tucker and Jean Vought be terminated as Defendants in this case; and it is further

**ORDERED**, that the Clerk shall issue a summons and forward it, along with a packet containing General Order 25, which sets forth the Civil Case Management Plan used by the Northern District of New York, along with a copy of the Amended Complaint (Dkt. No. 11), to the United States Marshal for service upon Defendant Bio-Reference Laboratories, Inc.; and it is further

**ORDERED**, that a response to the Amended Complaint be filed by Defendant, or its counsel, as provided for by the Federal Rules of Civil Procedure; and it is further

**ORDERED**, that all motions shall comply with the Local Rules of Practice of the Northern District. In accordance with the Local Rules, Plaintiff must promptly notify the Clerk's Office and all parties or their counsel of any change in Plaintiff's address; her failure to do so will result in the dismissal of this action; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order

upon the parties to this action.

Dated: February 3, 2020
       Albany, NY

_____
Daniel J. Stewart
U.S. Magistrate Judge