

**William R. Horwitz**
william.horwitz@faegredrinker.com
973-549-7142 direct

faegredrinker.com

**Faegre Drinker Biddle & Reath** LLP
1177 Avenue of the Americas, 41st Floor
New York, New York  10036
+1 212 248 3140 main
+1 212 248 3141 fax

January 26, 2021

**VIA ECF**
The Honorable Brenda K. Sannes, U.S.D.J.
U.S. District Court, Northern District of New York
Federal Building and U.S. Courthouse
Post Office Box 7336
Syracuse, New York 13261-7336

Re: **Ernestine Welch v. BioReference Laboratories, Inc.**
 **Civil Action No. 1:19-cv-00846 (BKS)(DJS)**

Dear Judge Sannes:

This firm represents defendant BioReference Laboratories, Inc. ("BioReference") in the above-referenced case. The parties reached a resolution of this case during a Settlement Conference on November 3, 2020, before the Honorable Daniel J. Stewart, U.S.M.J., and memorialized the resolution in a Settlement Agreement and General Release (the "Settlement Agreement"). In an *ex parte* letter to the Court dated January 4, 2021, plaintiff Ernestine Welch objected that BioReference had taken withholding from her settlement check. (ECF No. 34). Kindly accept this letter, pursuant to the Court's Order of January 12, 2021 (ECF No. 36), as BioReference's response to Ms. Welch's objection.

As a threshold matter, Ms. Welch does not seek to invalidate the Settlement Agreement. Indeed, she and her attorney have already deposited their settlement checks. Instead, she seeks to recoup the withholding, presumably from BioReference or the relevant taxing authorities. Specifically, she asks the Court to "recover the tax withholds that was taken." (ECF No. 34 at p. 2). Her objection to the withholding is untimely and meritless.

**I.      Background**

   **A.      Factual Background**

BioReference employed Ms. Welch as a Phlebotomist from May 19, 2010, to October 3, 2018. In 2018, the only BioReference client she serviced was the New York State Department of Corrections and Community Supervision ("DOCCS"). Ms. Welch traveled to DOCCS prisons and drew blood from inmates for medical testing. However, DOCCS instituted a background check requirement for all contractors working in its prisons. Ms. Welch failed the background

126012155

check and DOCCS barred her from its facilities. Because BioReference had no other open Phlebotomist positions within the distance that Ms. Welch was willing to travel, BioReference terminated her employment for lack of work.

### B. Procedural History

Ms. Welch filed a Verified Complaint against BioReference with the New York State Division of Human Rights, alleging discrimination and retaliation. The agency dismissed her claims in their entirety. (Decl. at ¶¶ 2-3).[1] Proceeding *pro se*, Ms. Welch filed a Complaint in this Court on July 16, 2019. (ECF No. 1). On October 15, 2019, she filed an Amended Complaint. (ECF No. 11). This Court reviewed the Amended Complaint pursuant to 28 U.S.C. § 1915(e) and, in a Decision and Order dated February 3, 2020, concluded that Ms. Welch had sufficiently pled claims against BioReference for: (1) race discrimination under Title VII; (2) retaliation under Title VII; and (3) hostile work environment. (ECF No. 14).

On April 9, 2020, Ms. Welch retained counsel, Patrick Sorsby of Law Office of Patrick Sorsby PLLC. (ECF No. 20). Mr. Sorsby represented Ms. Welch throughout the remainder of this case.

### C. Settlement Conference

On November 3, 2020, during discovery, the parties and their counsel appeared (virtually) before Judge Stewart for a Settlement Conference. Judge Stewart helped the parties reach a resolution of Ms. Welch's claims. The settlement was placed on the record and, in response to questioning by Judge Stewart, Ms. Welch stated that she understood and agreed to the settlement. (*See* Court's "Text Minute Entry" of November 4, 2020).

### D. Settlement Agreement Negotiations and Execution

On November 19, 2020, defense counsel provided Ms. Welch's counsel with a proposed Settlement Agreement. (Decl. at ¶ 4). Ms. Welch's counsel and defense counsel negotiated revisions to the Settlement Agreement and exchanged drafts. (*Id.* at ¶ 5). At the request of Ms. Welch's counsel, defense counsel provided him, on December 2, 2020, with a proposed Agreement Memorializing Confidentiality and Non-Disparagement Preferences (the "Confidentiality Agreement"). (*Id.* at ¶ 6). The purpose of the Confidentiality Agreement was to memorialize Ms. Welch's preference for confidentiality and non-disparagement in accordance with Section 5003-B of the New York Civil Practice Law and Rules and Section 5-336 of the New York State General Obligations Law. (Decl. at ¶ 7; Ex. 2).

On December 4, 2020, Ms. Welch's counsel provided defense counsel with an IRS Form W-4, completed and signed by Ms. Welch and dated December 4, 2020. (Decl. at ¶ 8). In large bold letters at the top of the W-4 form was the heading, "**Employee's Withholding Certificate**" (emphasis in original). (Ex. 1). The following additional bold text appeared directly below that

---

[1] References to the paragraphs of and the Exhibits attached to the accompanying Declaration of William R. Horwitz, Esq., are designated as "(Decl. at ¶__)" and "(Ex. __)," respectively.

Hon. Brenda K. Sannes, U.S.D.J. -3- January 26, 2021

heading: "▶ **Complete Form W-4 so that your employer can withhold the correct federal income tax from your pay**." *Id.* (emphasis in original).

On December 23, 2020, Ms. Welch signed the Confidentiality Agreement. (Ex. 2). After defense counsel received the Confidentiality Agreement signed by Ms. Welch, he provided Ms. Welch's counsel, by e-mail, with the finalized version of the agreed-upon Settlement Agreement, and a Stipulation of Dismissal. (Decl. at ¶¶ 10, 12). The Settlement Agreement provided Ms. Welch with 21 days to review its terms, although it allowed her, if she wished, to waive that review period and sign the agreement earlier, which she did. (Ex. 3 at § 21(a)). Ms. Welch's attorney returned the Settlement Agreement, executed by Ms. Welch, to defense counsel. Not only had Ms. Welch signed the Settlement Agreement, but she had initialed every page. (Decl. at ¶¶ 13-14; Ex. 3). Ms. Welch then had seven days to revoke the Settlement Agreement. (Ex. 3 at § 21(b)). She did not revoke and, on December 31, 2020, defense counsel sent the settlement checks, via FedEx, to Ms. Welch and her counsel. (Decl. at ¶¶ 15-16).

### E.     Ms. Welch's Post-Settlement Objection to Withholding

On January 7, 2021, Ms. Welch's attorney telephoned defense counsel and expressed his belief that Ms. Welch had submitted a letter to the Court (*ex parte*) complaining about tax withholding from her settlement payment. Ms. Welch's attorney memorialized that point in an e-mail to defense counsel. Defense counsel responded in an e-mail explaining that any objection to the withholding would be baseless. (Decl. at ¶¶ 17-18).

In any event, defense counsel did not receive any further objection from Ms. Welch or her attorney, and did not receive a copy of the supposed letter from Ms. Welch to the Court. (*Id.* at ¶ 19). Defense counsel waited until January 12, 2021, and then filed the Stipulation of Dismissal as required by the Settlement Agreement. (*Id.* at ¶ 20; ECF No. 32). Specifically, Section 1 of the Settlement Agreement states, in relevant part: "Following the expiration of the revocation period described in Section 2l(b), provided that WELCH does not revoke the Agreement during that period, counsel for BIOREFERENCE will countersign the 'Stipulation of Dismissal With Prejudice and Without Costs' on behalf of BIOREFERENCE, and file it with the Court, dismissing the Action." (Ex. 3).

At no time prior to signing the Settlement Agreement did Ms. Welch or her counsel request or propose that BioReference not take withholding from Ms. Welch's settlement payment. (Decl. at ¶ 21). Nor is it clear what rationale they could have proposed, consistent with applicable law, to justify doing so.

### F.     Settlement Terms Addressing Withholding

Section 2 of the Settlement Agreement required BioReference to "issue a one-time payment to [Ms. Welch] in the total gross amount of eighteen thousand dollars ($18,000) (the 'Settlement Amount'), *less applicable withholding*" (Ex. 3) (emphasis added). The Settlement Agreement further required BioReference to issue the Settlement Amount in separate payments to Ms. Welch and her attorney. With regard to the payment to Ms. Welch, the Settlement Agreement

Hon. Brenda K. Sannes, U.S.D.J. -4- January 26, 2021

required BioReference to issue a check to Ms. Welch "in the gross amount of fourteen thousand dollars ($14,000), *less applicable withholding*" (Ex. 3) (emphasis added). The Settlement Agreement further required BioReference to "issue an IRS Form W-2 to [Ms. Welch] in connection with this payment." (*Id.*) As set forth in the Settlement Agreement, one condition of receiving her settlement payment was providing a completed IRS Form W-4 to defense counsel. (*Id.* at § 2(b)). As indicated above, on December 4, 2020, Ms. Welch's counsel provided defense counsel with an IRS Form W-4 completed and signed by Ms. Welch. (Ex. 1).

### G.  Settlement Terms Ensuring Ms. Welch Understood the Settlement

The Settlement Agreement included several safeguards to ensure that Ms. Welch knowingly and voluntarily entered into the agreement with full understanding of its terms. In this regard, the Settlement Agreement expressly permitted Ms. Welch to take 21 calendar days to review its terms. (Ex. 3 at § 21(a)). It also included a revocation period, meaning that, after she signed the Settlement Agreement, she had another seven calendar days to change her mind and revoke. (*Id.* at § 21(b)).

Additionally, the Settlement Agreement included confirmation by Ms. Welch that she fully understood all of its terms and conditions. It also included her confirmation that she had reviewed the Settlement Agreement with her counsel. In this regard, Section 23 of the Settlement Agreement stated:

> 23. **Knowing and Voluntary.** WELCH certifies that she has carefully read and fully understands all of the provisions and effects of this Agreement; that she has been advised, through this Section 23, to consult and thoroughly discuss all aspects of this Agreement with her attorney; that she has reviewed this Agreement with her attorneys, the Law Office of Patrick Sorsby PLLC, that she is voluntarily entering into this Agreement; and that neither BIOREFERENCE nor any of the other Released Parties have made any representations concerning the terms or effects of this Agreement other than those contained in the Agreement.

(Ex. 3).

In addition, the Settlement Agreement included the following bold and all-capitalized text, right above the signature line:

> **BY SIGNING THIS AGREEMENT, ERNESTINE NICOLE WELCH ACKNOWLEDGES THAT SHE DOES SO VOLUNTARILY AFTER CAREFULLY READING AND FULLY UNDERSTANDING EACH PROVISION AND ALL OF THE EFFECTS OF THIS AGREEMENT, WHICH INCLUDES A RELEASE OF KNOWN AND UNKNOWN CLAIMS AND A RESTRICTION ON FUTURE LEGAL**

**ACTION AGAINST BIOREFERENCE AND OTHER RELEASED PARTIES.**

(Ex. 3) (emphasis in original).

## II.     BioReference Properly Took Withholding From the Settlement Payment

It is axiomatic that "[a] settlement agreement is a contract that is interpreted according to general principles of contract law." *Powell v Omnicom*, 497 F.3d 124, 128 (2d Cir. 2007); *Tromp v. City of New York*, 465 F. App'x 50, 51 (2d Cir. 2012) ("[i]t is well established that settlement agreements are contracts and must therefore be construed according to general principles of contract law").

Under generally accepted principles of contract law, "in the absence of fraud or other wrongful act on the part of another contracting party, a party "who signs or accepts a written contract ... is conclusively presumed to know its contents and to assent to them." *Gold v. Deutsche Aktiengesellschaft*, 365 F.3d 144, 149 (2d Cir. 2004) (citations omitted); *see also Stewart v. J.P. Morgan Chase & Co.*, 2004 WL 1823902, *12 (S.D.N.Y. Aug. 16, 2004) (citations omitted) ("parties who sign an agreement are deemed to have read and understood its terms").

Here, Ms. Welch executed the Settlement Agreement and is bound by its terms. Ms. Welch's attorney has provided an account of her execution of the Settlement Agreement. According to the attorney: "On December 23rd Ms. Welch came to my office and took as much time as she desired to read the settlement agreement and did not object to nor request clarification of any part of the agreement before initialing and signing the same." (ECF No. 35). In her letter, Ms. Welch confirms that she executed the Settlement Agreement at her attorney's office. (ECF No. 34 at p. 1). She does not deny that she had adequate time to read the Settlement Agreement or allege that she failed to do so. (*Id.*). Instead, she contends that the Settlement Agreement "never stated any clause regarding being taxed or less amount received." (*Id.*) She further states: "I was never informed of the tax withholding." (*Id.* at p. 2). These statements are inaccurate.

The Settlement Agreement expressly indicated *twice* (in Subsection 2(a) and Subsection 2(a)(i)), that the settlement payment would be issued to Ms. Welch "less applicable withholding." Significantly, Ms. Welch not only signed and dated the Settlement Agreement, but she initialed every page – including the page on which the Settlement Agreement twice indicated that BioReference would be taking withholding from her settlement payment. (Ex. 3). Thus, Ms. Welch clearly read the Settlement Agreement and was aware that withholding would be taken from her settlement payment.

It bears emphasizing that, as a condition of receiving the settlement payment, the Settlement Agreement required Ms. Welch to complete an IRS Form W-4, which she did. That form indicated in bold: "▶**Complete Form W-4 so that your employer can withhold the correct federal income tax from your pay**" (emphasis in original). (Ex. 1). Again, Ms. Welch knew that withholding would be taken from her settlement payment.

Hon. Brenda K. Sannes, U.S.D.J. -6- January 26, 2021

Moreover, Ms. Welch was represented by counsel and acknowledged, by signing the Settlement Agreement, that she understood and accepted its terms. In short, Ms. Welch was informed and agreed that BioReference would take withholding from the settlement payment. Her objection to the withholding is baseless.

In support of her argument that BioReference should not have taken withholding from her settlement payment, Ms. Welch cites *Rivera v. Baker W., Inc.*, 430 F.3d 1253, 1257 (9th Cir. 2005). However, that decision undermines her argument. In *Rivera*, the plaintiff opposed the post-settlement dismissal of his Title VII discrimination lawsuit against his former employer on the ground that withholding had been taken from the settlement payment. The Ninth Circuit affirmed the judgment of the District Court dismissing the lawsuit. First, the Ninth Circuit rejected the plaintiff's contention that the payment was excludable from his gross income because it constituted compensation for physical injuries. In this regard, the Court reviewed the settlement agreement, which provided for withholding. The Court determined that the withholding reference in the agreement, and the fact that the parties had not expressly attributed any portion of the settlement payment to physical injury, suggested that the entire payment was intended to constitute severance pay, not compensation for a physical injury. *Id.* at 1257-58. Unlike the *Rivera* plaintiff, Ms. Welch does not even suggest that her settlement payment constituted damages for physical injury. Nor would she have had a basis for asserting such an argument, as she neither experienced nor alleged that she experienced any physical injury. (ECF No. 11). Regardless, that argument failed in *Rivera* and would fail here.

Second, the *Rivera* Court rejected the plaintiff's contention that back pay under Title VII is not subject to income tax withholding. Like Ms. Welch, the *Rivera* plaintiff argued that the payment could not constitute lost wages, because the employment relationship had ended. (ECF No. 34 at p. 2). The *Rivera* Court rejected this argument on the ground that, irrespective of the fact that the employment relationship had ended, the discrimination claims had "stem[med] from" the employment relationship and, therefore, the settlement payment was subject to withholding. *Rivera,* 430 F.3d at 1259. For the same reason, Ms. Welch's payment was subject to withholding. The *Rivera* Court noted that, had the employer not taken withholding from the settlement payment, it may have faced liability for failing to satisfy that obligation. *Id.*

Finally, the *Rivera* Court pointed out that the plaintiff was "not without recourse." *Id.* at 1260. According to the Court, the plaintiff was free to seek a refund from the IRS. *Id.* Similarly, Ms. Welch may seek a refund from the IRS.

Thus, the only case that Ms. Welch cites in support of her objection actually supports BioReference's position that it properly took withholding from her settlement payment. Significantly, the Second Circuit has followed *Rivera*. *See Gerstenbluth v. Credit Suisse Sec. (USA) LLC*, 728 F.3d 139, 145 (2d Cir. 2013) (affirming the dismissal of former employee's lawsuit against former employer and the IRS to recover withholding taken from age discrimination settlement payment).

Hon. Brenda K. Sannes, U.S.D.J.                -7-                                January 26, 2021

### III.  Conclusion

BioReference properly took withholding from Ms. Welch's settlement payment.  The Settlement Agreement clearly indicated twice that withholding would be taken.  Ms. Welch had 21 days to review the Settlement Agreement before signing it.  She not only signed it but she initialed every page, including the page addressing withholding.  Ms. Welch had seven days to revoke the Settlement Agreement, but did not do so.  Ms. Welch even completed an IRS Form W-4, which expressly indicated that withholding would be taken from her payment.  The one case that Ms. Welch cites in support of her position directly contradicts her position.  Ms. Welch has offered no basis for treating her settlement payment as anything other than taxable wages.

We respectfully request that the Court reject Ms. Welch's objection to the withholding and dismiss this case with prejudice and without costs pursuant to the previously-filed Stipulation of Dismissal.  (ECF No. 32).

Thank you for Your Honor's attention to this matter.

                                                               Respectfully submitted,

                                                               WILLIAM R. HORWITZ

cc:       Counsel of record (via ECF)