**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ERNESTINE WELCH,

                              Plaintiff,

            v.                                                    1:19-CV-0846
                                                                  (BKS/DJS)

BIO-REFERENCE LABORTORIES, INC.,

                              Defendant.

**APPEARANCES:**                                    **OF COUNSEL:**

LAW OFFICE OF PATRICK SORSBY              PATRICK SORSBY, ESQ.
Attorney for Plaintiff
1568 Central Avenue, 1st Floor
Albany, NY 12205

FAEGRE DRINKER BIDDLE & REATH LLP     WILLIAM R. HORWITZ, ESQ.
Attorney for Defendant
60 Campus Drive
Florham Park, NJ 07932

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

        This case was closed as a result of a settlement stipulation executed by counsel

for all parties.  Dkt. No. 33.  As a result of Plaintiff's Letter-Request[1] to modify or

invalidate the settlement agreement that was reached between the parties the matter has

been referred to me for consideration.  Dkt. Nos. 34 & 39.  The Court construes the letter

as a Motion for relief under FED. R. CIV. P. 60(b).  In light of the voluntary, clear, explicit

---

[1] Plaintiff's letter was filed *pro se*, not by her counsel.

and unqualified settlement that was placed on the record, it is recommended that the District Court exercise its discretion and deny Plaintiff's request. *See Powell v. Omnicom*, 497 F.3d 124, 129 (2d Cir. 2007).

Plaintiff Ernestine Welch commenced this employment discrimination action *pro se* on July 16, 2019. Dkt. No. 1. In sum, the Complaint and Amended Complaint allege that Plaintiff was terminated for improper reasons from her position as a contract phlebotomist with BioReference Laboratories, Inc., and sought reinstatement and damages, including lost wages and benefits, that stem from the termination. Dkt. Nos. 1 & 11. Defendant answered the Amended Complaint and denied the allegations. Dkt. No. 19. Shortly thereafter, attorney Patrick Sorsby appeared for the Plaintiff, Dkt. No. 20, and represented her through the remainder of the case.

At the early stages of discovery counsel for the Plaintiff requested that this Court hold a settlement conference to attempt to resolve the matter. Dkt. No. 28. That settlement conference was held, virtually, on November 3, 2020. After extensive discussions back and forth, a settlement agreement was reached and was placed on the record. *See* Text Minute Entry dated Nov. 3, 2020. In particular the settlement called for a payment of a fixed amount, a portion of which would be allocated for attorney's fees. Defense counsel specifically advised that the remainder of the settlement would be characterized as wages, and appropriate W-2 withholdings would be made. The understanding of the parties was that a more formal written settlement agreement would be signed after the conference. When questioned by the Court, Plaintiff indicated that she understood the elements of the agreement.

According to the information provided by the parties, after the settlement conference with the Court, defense counsel sent Plaintiff's counsel a proposed settlement agreement. Dkt. No. 38 at p. 2. Various drafts were exchanged. Plaintiff signed a W-4 withholding form which included the language "Complete form W-4 so that your employer can withhold the correct federal income tax from your pay." *Id.* at p. 3. The settlement agreement was signed, and Plaintiff initialed each page. *Id.* Plaintiff was provided a period of time to revoke the settlement agreement if she wished, but she did not do so. *Id*. On December 31, 2020, defense counsel sent the settlement checks to Plaintiff and her counsel. *Id*. Those checks have been cashed and the funds disbursed.

In her January 4, 2021 letter to this Court, Plaintiff indicates her disagreement with the settlement because a substantial amount of money had been deducted as withholding for wages and sent to the Internal Revenue Service. Dkt. No. 34. In her letter Plaintiff maintains that she was unaware that the settlement would constitute wages and seeks to have the Court recover the money from the IRS and return it to her. *Id*.

On February 16, 2021, in response to Plaintiff's letter to the Court and at the request of the District Court, the Court held an on-the-record conference with Plaintiff, her counsel, and counsel for the Defendant. During that conference the Plaintiff clarified that she understood that the settlement would be characterized as wages, but she objected to the amount of the withholding. She noted her belief that because the earning statement that she was provided by Defendant listed the settlement amount as "severance," *see* Dkt. No. 34 at p. 3, this resulted in greater withholding being made than would have been had the amount been characterized simply as wages. Plaintiff's counsel confirmed to the

- 3 -

Court that this was in fact the Plaintiff's objection, but he himself was uncertain as to whether the characterization in the earning statement in fact resulted in any greater withholdings.  During the conference Plaintiff also clarified that she was in the process of doing her 2020 income taxes, and it was not clear to her whether any of the withholdings at issue would be returned as part of a refund.  Defense counsel, for his part, reiterated that it was always the parties' understanding that the amount of the settlement in this alleged wrongful termination lawsuit was to be considered wages, and that only the withholdings required by law were withheld.

Based on the foregoing, the Court does not believe that there is sufficient reason to set aside the settlement agreement that was entered into by the parties, with the benefit of their counsel, after the terms were fully explained both in writing and orally before the Court.  The "severance" notation on the earnings statement complained of is not material because severance payments constitute wages for which employers are required to withhold taxes.  *Bell v. United States*, 290 F. Supp. 3d 166, 170 (D. Conn. 2017) (citing 26 U.S.C. § 3121(b) and *U.S. v. Quality Stores, Inc.*, 572 U.S. 141, 146 (2014)).  In the event that excessive withholdings were made, a fact upon which there has been no showing at the present time, the remedy would be to request a refund from the IRS.

As such, there is no legal basis to invalidate a settlement agreement between the parties that was agreed to with the benefit of counsel, was placed on the record after inquiry by the Court, and was reduced to writing and signed by the Plaintiff.  This is particularly true where the settlement checks have been delivered and cashed.  Therefore,

the Court recommends that Plaintiff's Letter-Motion to set aside or alter the settlement be denied.

As a final matter, the Defendant has requested that their submissions be redacted to eliminate the specific settlement figure and certain underlying facts of the case. Dkt. No. 37. It further requests that copies of the Confidentiality Agreement and Settlement Agreement be filed under seal. *Id.* Plaintiff has not objected to these requests, and indeed had agreed to a confidentiality provision as part of the settlement. While such an agreement is not conclusive on the issue of disclosure, this Court's own review, weighing the interests of the public's right to have access to judicial documents against countervailing privacy interests at stake, leads to the conclusion that redaction in this case is appropriate. *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004). In particular, the Court's decision regarding whether or not to reopen the settlement does not hinge upon the amount of the settlement, but rather only upon the relevant issues which are explicitly discussed above.

**WHEREFORE**, it is hereby

**RECOMMENDED**, that Plaintiff's Motion to set aside the settlement or direct the IRS to refund her withholdings (Dkt. No. 34) be **DENIED**; and it is further

**RECOMMENDED**, the Defendant's Motion to Seal (Dkt. No. 37) be **GRANTED;** and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[2] days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated:   February 26, 2021
        Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[2] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  FED. R. CIV. P. 6(a)(1)(C).