

U.S. DISTRICT COURT - N.D. OF N.Y.

# FILED

MAR 16 2021

AT_____ O'CLOCK_____

John M. Domurad, Clerk - Albany

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF NEW YORK**

**Motion:**

(Breach of Contract)

Ernestine Welch,

           Plaintiff,

                1:19-CV-0846

      V.

BIO-REFERENCE LABORTORIES, INC,

           Defendant

               **OF COUNSEL:**

              PATRICK SORSBY, ESQ.

---

FAEGRE DRINKER BIDDLE & REATH LLP

Attorney for Defendant

60 Campus Drive

Florham Park, NJ 07932

              Ernestine Welch

              P.O. Box 273

              Hudson N.Y 12534

**DANIEL J. STEWARTS**

**United States Magistrate Judge**

### MOTION:  OF BREACH OF CONTRACT

Dear Daniel Stewarts:

This letter is in respond to the results of a settlement stipulation settled on November 03, 2020. A conference was held, Virtually, on November 3rd, both parties came to a settlement agreement based on the Characterized as wages.  Plaintiff fully agreed to $18,000, Less applicable withholdings and allocated attorney's fees. This agreement was placed on the record.

A follow- up Virtually hearing was held on February 16, 2021 to address Plaintiff disagreement letter address to the courts on January 4, 2021. The court states that the record states **Wages** and Severance characterized as wages. Among Severance pay there is a list of other Character of payments listed under wages like back pay, front pay, and unpaid overtime, constitutes "wages". This left the defendants to choose what best suits them.

I fully understood the elements of the agreement based on the characterized settlement of wages.  December 30, 2020 was the deadline date for Plaintiff to **revoke** the settlement agreement.  (see attach) Email from defendant on December 31, 2020, @8:10am.  On

December 30, 2020 @8:52am I reached out to Mr. Sorsby, regarding the delivery date of checks, he responded on December 31, 2020 @ 3;40pm," I am out of the office till midweek but see below and attached" (copies of the letter, checks and stubs attached).

I was surprised that the settlement was calculated as Severance pay, with a high tax deductible of $5,497.80 only to receive a payment for $8,502.20. I notified counsel immediately, about my disagreement of Severance pay. (see attach) on January 1, 2021 @2:21pm.

Severance pay stipulation was not characterized in the contract agreement signed, nor was it mention in the conference agreement held on November 3rd. The defendants and counsel failed to notify me of this stipulation. They failed to share the breakdown of Severance pay during my revoke period. The defendant chooses to make this decision without my knowledge. Both parties failed to stipulate the facts in the contract agreement procedures agreed upon. This motion is set for breach of contract based on # **23.  Knowing and Voluntary, # 24. Unknown facts #  25. Adequate Consideration** pg. 11 of contract agreement between all parties signed on 12-23-20.

**Character of payment**

- **Severance pay.** Severance pay is a payment made by an employer to an employee upon the involuntary termination of employment.  The right to receive severance pay and the amount of severance pay are usually based on the employee's length of service.
- **Back pay.** Back pay is compensation paid to an individual to compensate the individual for remuneration that would have been received up to the time of settlement or court award but for the employer's wrongful conduct. The back pay relates to a period when no services for the employer were performed.

**Nature of claim**

- **Back Pay Act (5 U.S.C.€ 5596(B).** The Back Pay Act covers employees of federal government agencies and other employees of the federal government. Is awarded to an employee who is found by the appropriate authority under applicable law, rule, regulation, or collective bargaining agreement to have been. affected by a wrongful personnel action that resulted in the withdrawal or reduction of all or part of the employee's pay, allowances, or differentials.

- **Title VII of the Civil Rights Act of 1964, 42 U.S.C. € 2000e, as amended by the Civil Rights Act of 1991, 42 U.S.C. € 1981a.** Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, prohibits discrimination in employment based on race, color, sex, religion, and national origin, and provides for the award of back pay and attendant benefits, compensatory damages, compensation for emotional distress, and punitive damages.

Plaintiff commenced this employment discrimination action pro se on July 16, 2019. Plaintiff was wrongfully terminated by the defendants on October 01, 2018.

- **Severance pays Taxes.**

The gap pay is responsible for payroll tax, social security tax, and Medicare tax.

- **Severance** pay is **taxable ….** For federal income taxes, the amount you withhold depends on the amount of the payment. If you give a lump sum, the payment might be subject to increased income tax withholding because the payment is within a **higher tax** bracket than the employee's regular paychecks.

- **Severance pay is taxable,** withholding on severance pay includes all federal, state, and local taxes. Payroll taxes on severance pay include taxes, federal income tax (FUTA tax), Social Security tax, and Medicare tax.

- Reference: Publication 15 (Circular E), Employer's Tax Guide, and Publication 525.

- **Back pay,** Back pay is treated as taxable in the year in which it is paid – and it is taxed at the same rate as are regular wages paid in the same year.

- **Back pay,** when paying back pay, an employer must withhold the normal payroll taxes. As back pay is deemed to be a supplemental wage, withholding income. Back wages are subject to Federal taxation.

- **Separate payrolls:** a flat 22% in income taxes should be withheld.

  $14,000 * 22% = $3080.00, see attach W2, Plaintiff had increase tax deductions due to Severance stipulations.

  2020 Federal Income Tax Brackets and Rates, for Single Individuals
  10%        up to $9,875
  12%        $9,876 to $40,125

  × One of the most effective ways to reduce taxes on a lump sum is to reduce your gross income with a contribution to a tax-deferred retirement account. This could be either a 401(k) or an individual retirement account (IRA).

**Character of the payment and nature of the claim.** Whether a payment is includable in gross income and whether it is wages for purposes of employment taxes depend upon the character of the payment. United States v. Cleveland Indians Baseball Co., 532 U.S. 200 (2001).

Court states that on December 31, 2020 defense counsel sent the settlement checks to Plaintiff and her Counsel. I **Object,** I received notice of checks from counsel Sorsby on December 31, 2020. I notified counsel of my disagreement of check character on 01-01-21. I submitted a letter to the court on January 4, 2021 that indicates my disagreement. Plaintiff received check in hand on January 05, 2021 from FEDEX. See attach FedEx Receipt.

November 03, 2020, settlement conference transcripts were paid for and requested by Plaintiff on March 2, 2021, and paid for on March 04, 2021, which has not been received as of March 12, 2021. I look forward to this transcript for clarification on wages characterized stated on record. (Theresa J. Casal) Court Reporter.

Transcripts from hearing held on February 16, 2021, the defendant Mr. Howitz, states on record that "for whatever reason some person internally at the company indicated severance pay" (pg. 11/13). Checks where cut under payroll pay period between 11/28/20 – 12/09/20. Defendants where aware of this character Severance pay but failed to notified Plaintiff before **Revoke Period.** Settlement contracts were signed on December 22, 2020, Severance pay were not stipulated in contract. (**unknown factors)**

## CONCLUSION

**CONTRACTS-** Legally binding agreements between people or business entities – serve as the foundation of business as well as many social interactions. Defendants failed on the contract terms written out. Defendant's failure to perform a promise that is part of a contract.

Based on the forgoing, Plaintiff is asking the U.S. District Court to REVERSE the dismissal of Plaintiff motion for tax damages done under the characterization of Severance pay rather than agreement of wages. Defendants breach contract by failure to inform plaintiff of final settlement agreement, and to perform good faith. At this point I am asking the court to reward Plaintiff for the further damages based on Compensatory damages, Liquidated damages, and Punitive Damages based on the breach of contract, economic damages.

I am asking the court to please overturn the decision based on the evidence provided and the terms of the contract.

I Look forward to hearing from you soon, thanks for your time and attention on this matter. Any questions please feel free to contact me for any questions at the above address or at 518-772-8921.

Sincerely,

Ernestine Welch

February 12, 2021

UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------x
ERNESTINE WELCH,

                              Plaintiff,

vs.                          1:19-CV-846

BIO-REFERENCE LABORTORIES, INC.,

                              Defendant.
------------------------------------------------x

        Transcript of a Video Status Conference held on

February 16, 2021, the HONORABLE DANIEL J. STEWART,

United States Magistrate Judge, Presiding.


                A P P E A R A N C E S

                    (By Video)

For Plaintiff:      PATRICK SORSBY, ESQ.
                    Attorney at Law
                    1568 Central Avenue, 1st Floor
                    Albany, New York  12205

For Defendant:      FAEGRE, DRINKER, BIDDLE & REATH, LLP
                    Attorneys at Law
                    600 Campus Drive
                    Florham Park, New Jersey  07932
                      BY:  WILLIAM HORWITZ, ESQ.

Also Present:       PLAINTIFF ERNESTINE WELCH


            *Jodi L. Hibbard, RPR, CSR, CRR*
        *Official United States Court Reporter*
                *100 South Clinton Street*
            *Syracuse, New York  13261-7367*
                    *(315) 234-8547*

1              (All present by Teams Video, 11:01 a.m.)

2              THE CLERK:  We are now on the record, Tuesday,

3    February 16th, 2021, 11:01 a.m.  The case is Ernestine Welch

4    versus Bio-Reference Laboratories, Inc., Case Number

5    19-CV-846.  Beginning with plaintiff, please state your

6    appearances for the record.

7              THE PLAINTIFF:  My name is Ernestine Welch.

8              THE CLERK:  Okay.  And Counsel?

9              MR. SORSBY:  Attorney Patrick Sorsby.

10             MR. HORWITZ:  Good morning, this is William Horwitz

11   of Faegre, Drinker, Biddle & Reath on behalf of defendant

12   Bio-Reference Laboratories, Inc.

13             THE COURT:  Okay, all right, well, good morning,

14   everyone, we're here on the record in this Teams call.

15   Ernestine, are you able to see me at all, are you just

16   dialing in by phone?

17             THE PLAINTIFF:  I'm dialing in by phone, I'm able

18   to see you, though, you're not able to see me at all.

19             THE COURT:  I cannot see you but I can hear you

20   crystal clear so for what I'm doing, that's good enough.

21   Just bear in mind that we do have a court reporter who's on

22   the line so I just tell everybody to make sure that

23   everyone's finished before they start speaking, that way we

24   don't have multiple people speaking at once.

25             So for the purposes of this conference this morning

JODI L. HIBBARD, RPR, CRR, CSR
(315) 234-8547

3

1    is that after this matter was settled, I received a letter

2    from plaintiff Ernestine Welch with regard to certain

3    withholdings that were taken out of her check that reduced

4    the check substantially and she had a concern with regard to

5    that.

6         In the interim, Judge Sannes, who's the District

7    Court judge on this matter, approved the settlement and the

8    matter was resolved, but Judge Sannes has indicated to me

9    that she wanted me to hold this conference to further clarify

10   or explain, if necessary, exactly what went on.

11        So Ms. Welch, let me just start with you if I

12   might.  I read your letter that you sent to me and I

13   appreciate it.  I understand obviously you had an expectation

14   as to what the amount was going to be, it was substantially

15   less because there were numerous withholdings that were

16   taken.  Is it my understanding, would I be correct that

17   nevertheless, you did in fact cash the check, is that right?

18        THE PLAINTIFF:  Yes.

19        THE COURT:  Okay.  And I know that your counsel

20   Mr. Sorsby also received a separate amount for his fees and

21   that's been cashed as well, and then there was also -- we

22   went over some issues at the conference that I held, and I

23   did reach back and ask the court reporter to provide me a

24   transcript of that proceeding just so I was sure that we

25   discussed this issue, and so I was provided with a copy of

1  that.  And Mr. Horwitz during that conference indicated that

2  Bio-Reference agrees to pay Ms. Welch the specific amount of

3  the settlement in a gross amount of $18,000, it will be less

4  withholding as W-2 wages, and some portion of that, which

5  Mr. Sorsby can let me know, will go toward attorney's fees.

6  So this issue was discussed at the conference.  Ms. Welch,

7  what is it that you wish me to do at this point in time?

8          THE PLAINTIFF:  Well, it was -- it was never my

9  understanding that it would be under severance pay, it was

10  never written out in the settlement agreement and it wasn't

11  spelled out in the hearing that I'm aware of that it was

12  gonna go under severance pay, and severance pay to me is

13  based on years of service, age, and the title of your job, so

14  therefore, I don't feel like I received severance pay, and

15  the tax bracket for this lump sum under severance pay, I was

16  never given the opportunity on the taxes of whether, how I

17  wanted that to be split up and wasn't aware of how the

18  breakdown was for the severance pay.

19          THE COURT:  Okay.  Have you filed your taxes yet

20  this year?

21          THE PLAINTIFF:  They are in the hands of -- I am in

22  the process of doing that, yes.

23          THE COURT:  Okay.  I mean, I don't know whether or

24  not -- don't get me wrong, I'm not giving tax advice to

25  anyone here, but you know, as far as if you feel that you're

1    entitled to a refund, you should talk to your accountant or

2    your tax preparer with regard to that particular issue.  But

3    your claim was always one that I understood and I believe the

4    way the defendants understood as that of lost wages, that you

5    were prevented from working at the facility you feel

6    improperly, so it was a lost wage claim.  And in any case

7    that I'm involved in, that involves lost wages, separate and

8    apart from say like a physical injury which would not be

9    taxable, any settlement in that case is going to be taxable.

10   So your responsibility to pay taxes is specific, it's nothing

11   I can do anything about and it's nothing the defendants can

12   do anything about.

13          THE PLAINTIFF:  Right, and I totally understand

14   that, I was aware that I had to pay taxes on it.  I just

15   thought that I was going to get the amount that I was

16   entitled to and a tax form where I would file my taxes all

17   together.  I wasn't aware of the breakdown that was gonna

18   happen and that it would be under severance pay because that

19   was not written out or told to me at any point, in the

20   settlement agreement or through my attorney.  It was just

21   based on less applicable, I was never told what it was going

22   to be less applicable for.

23          THE COURT:  Mr. Horwitz, just for the record, you

24   want to just respond?

25          MR. HORWITZ:  Um, I mean, your Honor, it was as

1   your Honor indicated, it was mentioned during the settlement
2   conference that it would be less applicable withholding,
3   the -- she's already deposited the money or cashed the check.
4   The settlement agreement indicated twice that the payment was
5   going to be less applicable withholding, she had 21 days to
6   review the settlement agreement before signing it, she signed
7   the agreement, the agreement contained all sorts of
8   protections to make sure where she confirmed she carefully
9   read and understood its terms, which would mean that she
10   understood that it was subject to withholding.

11          It sounds like she's more raising an issue about
12   how much withholding there was, which I'm also not -- I'm not
13   a tax lawyer, so I'm not sure how that works, but it's clear
14   from the pay stub that it was -- the money that was taken out
15   was taken out for taxes, and as your Honor indicated -- well,
16   at least my understanding is is that to the extent that she
17   overpaid on her taxes, she should be getting a refund.  And
18   I'm not sure that would have been any different if -- had she
19   gotten this payment without taxes and she then had to pay the
20   taxes separately, I'm not sure the numbers would have come
21   out any differently, but I do know that the company paid her
22   the way it was legally obligated to pay her.  And she in fact
23   filled out a W-4 form in connection with the settlement that
24   said employee's withholding certificate, complete W-4 so that
25   your employer can withhold the correct federal income tax

1    from your pay.

2              So she clearly knew and, you know, it's unfortunate

3    that she feels the way that she feels but we did comply with

4    the agreement as it was worked out in court and amended to

5    paper.

6              THE PLAINTIFF:  Well, I didn't know it was going to

7    be severance pay, that's my issue, nobody told me it was

8    going to be filed under severance pay.  And as far as

9    settlement lump sum, there is a tax bracket where it's, you

10   know, 10,000 -- 10 percent, 20 percent, 30 percent, what

11   percentage was that taken out?  Because that was way over

12   30 percent.

13             THE COURT:  So it's really, Ernestine, just so I'm

14   clear, it looks to be, so what you're saying is, you know, I

15   mean obviously you're not happy but you understand that taxes

16   are inevitably your responsibility, you --

17             THE PLAINTIFF:  Yes.

18             THE COURT:  You just think it was taken out

19   obviously --

20             THE PLAINTIFF:  Severance pay, under severance pay.

21             THE COURT:  I'm sorry, I didn't mean to cut you

22   off.  So you're saying because it was referenced as severance

23   pay, whatever that might mean, it was at a higher withholding

24   rate than if it were just wages, is that correct?

25             THE PLAINTIFF:  Right.

1          THE COURT:  And have you -- so really that becomes

2     an issue of you filing, requesting a refund from the federal

3     government, I mean they're the ones that have your money at

4     this point in time.

5          THE PLAINTIFF:  Well, my thing is if it wasn't

6     written in the contract that it was severance pay, I mean I

7     was never aware that it was gonna be under severance pay and

8     if it was under severance pay then I was supposed to be

9     contacted of how I would like those taxes to be taken out.

10    And I should have had a right to be, you know, for the taxes

11    to go over in my retirement plan or something like that, that

12    I wouldn't get taxed so hard.  I was not aware of that.

13    Mr. Sorsby sent me the W-2 forms and told me to fill out

14    those forms -- or W-4, which one it is, in regards to filling

15    those forms out and getting them back to me as soon as

16    possible, that payroll needed these forms to cut the checks.

17    So I thought if I didn't fill out the form, the checks

18    wouldn't get cut.  I wasn't aware of the tax liability that I

19    was gonna be against at this point.

20         THE COURT:  Well, what was your anticipation as to

21    the amount of money that would be withheld?

22         THE PLAINTIFF:  2800, 20 percent.

23         THE COURT:  Okay.  All right.  Well, it -- I will

24    consider this issue further but it seems to me that the fact

25    of the withholding was explained at the settlement

1   conference.

2          THE PLAINTIFF:  As less applicable, it wasn't

3   explained as severance pay, it wasn't explained what they was

4   going to file it under.

5          THE COURT:  No, I understand what you're saying as

6   far as the withholding, just saying the issue of the

7   withholding and that these were wages was explained at the

8   conference and it was also included in the settlement

9   agreement.  The settlement agreement was signed, the checks

10  have been cashed, insofar as there was a withholding that was

11  more than should have been withheld, the remedy in that case

12  would be to file for a refund.

13         Mr. Sorsby, do you have anything you want to add at

14  this point in time?

15         MR. SORSBY:  I think that Ms. Welch has already

16  indicated she understands that taxes are to be paid and she's

17  liable for that and she seems to indicate she understands

18  that taxes would be withheld.  I think her issue is that, and

19  I'm not an accountant just like everybody else here, I think

20  she's concerned, and I don't want to speak for her, she can

21  elaborate, that the way the stub reads as a severance, it

22  says severance instead of a settlement, I think maybe perhaps

23  her concern is that, does that change the ultimate tax

24  liability in a negative way because of the way it's

25  characterized.

```
1              I will say in reading the case law in the tax
2     court, in regards to settlements involving discrimination
3     cases like this, the tax court is not very generous in
4     recharacterizing how settlements are considered.  They will
5     consider a good portion of the settlement as wages, and if a
6     settlement tries to get cute and characterizes it as
7     something other than wages, at least the majority of it, they
8     will recharacterize it and the plaintiff will face severe
9     consequences.  So I don't know if characterizing the check
10    that she received as a severance has a negative tax
11    implication, but she is correct in that it did not say that
12    in the settlement agreement.  But it might mean nothing.  I
13    don't know if just putting that on a pay stub has any
14    significance.  I don't know.  I'm not an accountant, so
15    that's my -- that's the only concern that I can see that
16    Ms. Welch is presenting here today.
17              THE COURT:  Okay.  And Ms. Welch, you haven't heard
18    back from your tax advisor, your accountant, with regard to
19    if you're entitled to a refund because of the withholdings,
20    correct?
21              THE PLAINTIFF:  Correct.
22              THE COURT:  So it may be a nonissue.  But it seems
23    to me, and my understanding and my determination would be
24    that there was an agreement in place to appropriately settle
25    the case, and you know, insofar as there has allegedly been a
```

1    breach of the agreement, that's a separate matter, it's not

2    necessarily before the court, but I will review

3    Ms. Ernestine's argument here and make a recommendation to

4    Judge Sannes since she's the District Court judge and the one

5    who's in fact closed out the case.

6           Ms. Welch, is there anything further you want to

7    tell me about while we're all together on this conference?

8           THE PLAINTIFF:  No, Mr. Sorsby's spelled it out

9    exactly my thoughts of the case.  It wasn't, I wasn't aware

10   of it was going to be settled under severance pay and that I

11   was gonna be hit with that liability, the tax liability that

12   I was, and I think that if it was under wages or something

13   else, maybe I wouldn't have that huge tax liability.  That

14   was not spelled out to me and that's my argument.

15          THE COURT:  Okay.  All right.  All right,

16   Mr. Horwitz, anything further before we end?

17          MR. HORWITZ:  Just very quickly, your Honor.  And

18   so I understand that Ms. Welch is referring to the word on

19   the earning statement she got with her settlement payment, it

20   says severance.  That was, for whatever reason some person

21   internally at the company indicated severance, but I'm not

22   aware of any reason why that would -- why the tax liability

23   would be different.  That being said, to the extent she

24   explains to her tax advisor that this was wages, this should

25   be taxed at the rate of wages, I don't think there's going to

JODI L. HIBBARD, RPR, CRR, CSR
(315) 234-8547

1   be -- there shouldn't be any problem.  Certainly if we

2   were -- if the company or I were ever contacted, we would of

3   course take the position that this was exactly what everybody

4   seems to agree that it was, which was wages.

5           THE COURT:  Okay.

6           THE PLAINTIFF:  Well, because it was -- I'm sorry,

7   because it was under severance pay and it was the end of the

8   year, it was considered my yearly income, and that's why

9   there was a large tax liability on it.

10          THE COURT:  Okay.  All right.  Well, let me

11  consider this further, I'll issue either a written order or a

12  text order with regard to that but I appreciate everyone

13  coming on and explaining to me this more fully, all right?

14          THE PLAINTIFF:  Okay, thank you.

15          THE COURT:  Thank you.

16          MR. HORWITZ:  Thank you, your Honor.

17          MR. SORSBY:  Thank you, your Honor.

18               (Proceedings Adjourned, 11:17 a.m.)

19

20

21

22

23

24

25

13

```
 1
 2                    CERTIFICATE OF OFFICIAL REPORTER
 3
 4
 5          I, JODI L. HIBBARD, RPR, CRR, CSR, Federal
 6     Official Realtime Court Reporter, in and for the
 7     United States District Court for the Northern
 8     District of New York, DO HEREBY CERTIFY that
 9     pursuant to Section 753, Title 28, United States
10     Code, that the foregoing is a true and correct
11     transcript of the stenographically reported
12     proceedings held in the above-entitled matter and
13     that the transcript page format is in conformance
14     with the regulations of the Judicial Conference of
15     the United States.
16
17                    Dated this 10th day of March, 2021.
18
19
20                    /S/ JODI L. HIBBARD
21                    JODI L. HIBBARD, RPR, CRR, CSR
22                    Official U.S. Court Reporter
23
24
25
```



ORIGIN ID:LKKA (973) 549-7131
LORRAINE JAMIESON
FAEGRE DRINKER BIDDLE & REATH
600 CAMPUS DRIVE

FLORHAM PARK, NJ 07932
UNITED STATES US

TO MS. ERNESTINE WELCH

1447 COUNTY ROUTE 19

ELIZAVILLE NY 12523
(973) 549-7142
INV:
PO:
REF: 22002.560388
DEPT:

BILL SENDER

SHIP DATE: 31DEC20
ACTWGT: 0.50 LB
CAD: 1269062/INET4280

56BJ2/9196/8766

TRK# 7725 1260 6147
0201

XH DSVA

MON - 04 JAN 4:30P

PRIORITY OVERNIGHT

DSR RES
12523
NY-US
ALB

FedEx
Express

After printing this label:
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.



FedEx.

TRK# 7725 1260 6147
0201

EI DSVA

TUE - 05 JAN 4:30P

PRIORITY OVERNIGHT
DSR

12523
NY-US
ALB

12/31/2020, 9:42 AM

## AGREEMENT MEMORIALIZING CONFIDENTIALITY
## AND NON-DISPARAGEMENT PREFERENCES

This Agreement Memorializing Confidentiality and Non-Disparagement Preferences ("Confidentiality Agreement") is made and entered into by and between ERNESTINE NICOLE WELCH ("WELCH") and BIOREFERENCE LABORATORIES, INC. ("BIOREFERENCE"). In this Confidentiality Agreement, WELCH and BIOREFERENCE may each be referred to as a "Party" and collectively as the "Parties."

WHEREAS, WELCH is a former BIOREFERENCE employee;

WHEREAS, a dispute between the Parties has arisen from BIOREFERENCE's employment of WELCH, which dispute is the subject of a lawsuit pending in the United States District Court for the Northern District of New York titled Ernestine Welch v. Bio-Reference Laboratories Inc., Civil Action No. 1:19-cv-00846-BKS-DJS (the "Action");

WHEREAS, BIOREFERENCE denies that it violated any law or took any unlawful or inappropriate action toward WELCH or with regard to her employment or the termination of her employment, or that she was otherwise subjected to harassment, discrimination or retaliation, as alleged in the Amended Complaint filed in the Action;

WHEREAS, WELCH and BIOREFERENCE have negotiated a resolution of the Action and they intend to memorialize the terms of the resolution in a Settlement Agreement and General Release (the "Settlement Agreement");

WHEREAS, it is WELCH's preference that, in connection with the resolution of the Action, the parties maintain confidentiality regarding the facts and circumstances underlying the Action;

WHEREAS, it is WELCH's preference that, in connection with the resolution of the Action, the parties agree to mutual non-disparagement provisions; and

WHEREAS, the purpose of this Confidentiality Agreement is, in accordance with Section 5003-B of the New York Civil Practice Law and Rules and Section 5-336 of the New York State General Obligations Law, to memorialize WELCH's preference for confidentiality and non-disparagement to the fullest extent permitted by law.

NOW, THEREFORE, in consideration of the mutual promises contained in this Confidentiality Agreement, the adequacy of which consideration WELCH and BIOREFERENCE each acknowledges, and intending to be legally bound, WELCH and BIOREFERENCE agree as follows:

1.    **WELCH's Preference.**  It is WELCH's preference to include the following provisions, in substance, in the Settlement Agreement:

125554502

a. **Confidentiality.** Except as otherwise provided in Section 1(c) or by applicable law, WELCH and BIOREFERENCE agree that they will not, directly or indirectly, disclose the facts and circumstances underlying the Action in any manner including, but not limited to, in casual conversation or correspondence, on Internet websites, through social media or via any media outlet or organization. WELCH and BIOREFERENCE agree that this Confidentiality Agreement bars both anonymous and attributed reporting and prohibits referral to the Action's docket by any Party or his, her or its attorneys or anyone else associated with those attorneys (including the attorneys' law firms).

b. **Mutual Non-Disparagement.**

    i. **Non-Disparagement of WELCH by BIOREFERENCE.** Except as otherwise provided in Section 1(c) or by applicable law, BIOREFERENCE will make good faith efforts to ensure that members of its executive management who have knowledge of WELCH's allegations will not communicate or publish, directly or indirectly, any disparaging comments or information about WELCH to any third party (other than financial, legal and business advisors).

    ii. **Non-Disparagement of BIOREFERENCE by WELCH.** Except as otherwise provided in Section 1(c) or by applicable law, WELCH agrees that she will not, directly or indirectly, through any medium including, but not limited to, the press, Internet or any other form of communication, disparage, defame, or otherwise damage or assail the reputation, integrity or professionalism of BIOREFERENCE or OPKO Health, Inc., including, but not limited to, their officers, employees or shareholders.

c. **Exceptions.** Nothing prevents WELCH from reporting possible violations of law to a governmental agency or entity. WELCH is not required to inform BIOREFERENCE regarding any such report. Nothing prevents WELCH from disclosing the facts and circumstances underlying the Action to her spouse, provided that her spouse agrees to treat such information confidentially in compliance with the requirements set forth in Section 1 and that a disclosure by her spouse shall constitute a disclosure by WELCH in violation of this Confidentiality Agreement. Nothing in Section 1(a) is intended to prohibit WELCH from disclosing facts and circumstances underlying the Action to the limited extent necessary to file and pursue legal claims against the New York State Department of Corrections and Community Supervision. Nothing prevents BIOREFERENCE from disclosing the facts and circumstances underlying the Action internally, for business purposes or as may otherwise be required pursuant to corporate reporting requirements.

125554502

    d. **Remedies.**  Confidentiality and non-disparagement will be material terms of the Settlement Agreement.  In the event of a breach of those provisions, the aggrieved party will be entitled to injunctive relief without posting a bond and any other relief available under law or equity.  In the event of a breach of the confidentiality or non-disparagement provisions of the Settlement Agreement, the prevailing party shall recover reasonable attorneys' fees.

2.    **Review Period.**  WELCH acknowledges that she has **twenty-one (21) calendar days** to consider the terms of this Confidentiality Agreement, which she may not waive. Accordingly, this Confidentiality Agreement will not take effect unless WELCH signs it on or after the twenty-first calendar day on which she receives it.

3.    **Confidentiality Agreement Not to be Considered or Used as Evidence.**  The Parties agree that this Confidentiality Agreement shall not be offered, used or considered as evidence in any proceeding of any type against or involving WELCH or BIOREFERENCE, except to the extent necessary to enforce the terms of the Confidentiality Agreement or the Settlement Agreement or as otherwise required by law.

4.    **Counterparts; Scanned Signatures.**  This Confidentiality Agreement may be executed in any number of counterparts, or in different counterparts, any of which shall be deemed an original, but all of which together shall constitute one and the same agreement.  A facsimile or electronically scanned signature on this Confidentiality Agreement shall have the same force and effect as an original signature.

5.    **Severability and Court Modification.**  If any portion of this Confidentiality Agreement is determined to be illegal, unenforceable, or ineffective in a legal forum of competent jurisdiction, the Parties agree that the remaining provisions of this Confidentiality Agreement not declared invalid will continue in full force and effect.

6.    **Entire Agreement.**  This Confidentiality Agreement may not be modified or amended except through a written document executed by the Parties. This Confidentiality Agreement sets forth the entire agreement between the Parties, and fully supersedes any and all prior agreements or understandings between them pertaining to the same subject matter. Notwithstanding any other provision of this Confidentiality Agreement, this Confidentiality Agreement does not supersede the "Settlement Agreement and General Release" between WELCH and BIOREFERENCE.

**BY SIGNING THIS AGREEMENT, ERNESTINE NICOLE WELCH ACKNOWLEDGES THAT SHE DOES SO VOLUNTARILY AFTER CAREFULLY READING AND FULLY UNDERSTANDING EACH PROVISION AND ALL OF THE EFFECTS OF THIS AGREEMENT, AND CONSULTING WITH HER COUNSEL. SHE FURTHER AGREES THAT IT IS HER PREFERENCE TO INCLUDE THE CONFIDENTIALITY AND NON-DISPARAGEMENT PROVISIONS OF THIS AGREEMENT IN A SETTLEMENT AGREEMENT WITH BIOREFERENCE.**

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed the foregoing Agreement Memorializing Confidentiality and Non-Disparagement Preferences on the dates indicated below.


DATE: _____          By:_____
                                             ERNESTINE NICOLE WELCH


                                         BIOREFERENCE LABORATORIES, INC.


DATE: _____          By:    _____
                                             Name:
                                             Title:

4

125554502

| CO. | FILE | DEPT. | CLOCK | CHK. NO. |
|-----|------|-------|-------|----------|
| BXV | 107684 | 00129 | MAI | 0000000421 |

## Earnings Statement

**BIO-REFERENCE LABORATORIES, INC.**
481 EDWARD H. ROSS DRIVE
ELMWOOD PARK, NJ 07407

Period Beginning:   11/28/2020
Period Ending:   12/11/2020
Pay Date:   12/09/2020

**ERNESTINE N WELCH**
PO BOX 273
HUDSON, NY   12534

Filing Status:   Single

**Important Notes**

Social Security Number: XXX-XX-8664

| Earnings | Rate | Hours | This Period | Year to Date |
|----------|------|-------|-------------|--------------|
| SEVERANCE | | 0.00 | 14,000.00 | 14,000.00 |
| Gross Pay | | | $   14,000.00 | 14,000.00 |

| Deductions | Statutory | | |
|------------|-----------|--|--|
| | Federal Income Tax | 3,080.00 - | 3,080.00 - |
| | Social Security Tax | 868.00 - | 868.00 - |
| | Medicare Tax | 203.00 - | 203.00 - |
| | NY State Income Tax | 1,346.80 - | 1,346.80 - |
| Net Pay | | $   8,502.20 | |
| Net Check | | $   8,502.20 | |

Other Benefits and
Information | This Period | Year to Date

THE FACE OF THIS DOCUMENT HAS A COLORED BACKGROUND ON WHITE PAPER. THE BACK OF THIS DOCUMENT CONTAINS AN ARTIFICIAL WATERMARK - HOLD AT AN ANGLE TO VIEW

**BIO-REFERENCE LABORATORIES, INC.**
481 EDWARD H. ROSS DRIVE
ELMWOOD PARK, NJ 07407

Pay Date:   12/09/2020
Employee ID:   107684

**000421**

1-2/210

Pay to the
order of   **ERNESTINE N WELCH**

This Amount:   **EIGHT THOUSAND FIVE HUNDRED TWO AND 20/100 DOLLARS**     $ 8,502.20

### *** VOID AFTER 90 DAYS ***



AUTHORIZED SIGNATURE

**JPMORGAN CHASE BANK, N.A.**
NEW YORK, NY

⑈000421⑈ ⑆021000021⑆ 486352785⑈

**BIO-REFERENCE LABORATORIES, INC.**

| INVOICE NO. | INVOICE DATE | VOUCHER | AMOUNT | DISCOUNT | TOTAL PAYMENT |
|---|---|---|---|---|---|
| 120720 | 12/07/2020 | 1140918 | 4,000.00 | 0.000 | 4,000.00 |

113023

Check Total     4,000.00

---

113023

**BIO-REFERENCE LABORATORIES, INC.**
481 EDWARD H ROSS DRIVE
ELMWOOD PARK, NEW JERSEY 07407

CHASE ◆
JPMorgan Chase Bank, N.A.
Syracuse, New York
50-937/213

12/09/2020    $4,000.00

DATE    AMOUNT

Four thousand Dollars

PAY
TO THE
ORDER
OF

The Law Office of Patrick Sorsby PLLC
1568 Central Avenue

Albany NY 12205

VOID AFTER 90 DAYS

AUTHORIZED SIGNATURE

⑈113023⑈ ⑇021309379⑇ 486352615⑈

Mail body: Fwd: Welch - Settlement - confidential

---------- Forwarded message ---------
From: **Ernestine Welch workout** <ernwelh@gmail.com>
Date: Fri, Jan 1, 2021, 2:58 PM
Subject: Re: Welch - Settlement - confidential
To: Patrick Sorsby Esq. <sorsbylaw@gmail.com>


This matter will be taken up
In court, I am no longer an employee of this company as of 2018, my settlement check should have been issued too me the same way your check
was issued to you, i was not aware they was going to take taxes out, this was my right to file taxes on this settlement along with my other yearly
income. I am pissed and will look into filing sue, not happy with this outcome. I didn't agree to Severance pay

On Fri, Jan 1, 2021 at 2:21 PM Ernestine Welch workout <ernwelh@gmail.com> wrote:
 Morning Patrick I am not happy, why does this say severance pay?  why they didn't allow me to file my owe taxes on the money myself?

On Thu, Dec 31, 2020 at 3:40 PM Patrick Sorsby Esq. <sorsbylaw@gmail.com> wrote:
 I am out of the office till midweek but see below and attached.

 ---------- Forwarded message ---------
 From: **Horwitz, William R.** <william.horwitz@faegredrinker.com>
 Date: Thu, Dec 31, 2020 at 3:33 PM
 Subject: Welch - Settlement - confidential
 To: Patrick Sorsby Esq. <sorsbylaw@gmail.com>


 **CONFIDENTIAL SETTLEMENT COMMUNICATION**


 Patrick,


 We sent out the settlement payments today via FedEx to Ms. Welch and you.  Copies of the letters, checks and stubs are attached.


 Best wishes for the New Year.


 Bill


 **William R. Horwitz**
 william.horwitz@faegredrinker.com
 +1 973 549 7142 direct / +1 973 360 9831 fax

 Faegre Drinker Biddle & Reath LLP
 600 Campus Drive                 1177 Avenue of the Americas, 41st Floor
 Florham Park, New Jersey 07932 USA   New York, New York 10036 USA
                                  +1 212 248 3140 direct / +1 212 248 3141 fax


 This message and any attachments are for the sole use of the intended recipient(s) and may
 contain confidential and/or privileged information. Any unauthorized review, use, disclosure
 or distribution is prohibited. If you are not the intended recipient, please contact the sender

by reply email and destroy all copies of the original message and any attachments.

--
**Patrick Sorsby, Esq.**

**Law Office of Patrick Sorsby PLLC**
**1568 Central Avenue FL 1**
**Albany NY 12205**
**518-456-4LAW (tel)**
**518-452-4529 (fax)**
**e-mail:** sorsbylaw@gmail.com
www.sorsbylaw.com
**Service not accepted**
**by email or fax without prior written approval.**

**Federal Tax Disclosure and Confidentiality Notice:**
In accordance with IRS requirements, we inform you that any Federal tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein. This electronic mail transmission is intended only for the use of the individual or entity to which it is addressed and may contain confidential information belonging to the sender which is protected by the attorney-client privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please notify the sender immediately by e-mail or by phone at (518) 545-4529 and delete the original message.

**Mail body: Fwd: Welch - Settlement - confidential**

---------- Forwarded message ----------
From: **Ernestine Welch workout** <ernwelh@gmail.com>
Date: Thu, Mar 4, 2021, 11:45 AM
Subject: Fwd: Welch - Settlement - confidential
To: <staples@printme.com>

---------- Forwarded message ----------
From: **Ernestine Welch workout** <ernwelh@gmail.com>
Date: Fri, Jan 1, 2021, 2:21 PM
Subject: Re: Welch - Settlement - confidential
To: Patrick Sorsby Esq. <sorsbylaw@gmail.com>

Morning Patrick I am not happy, why does this say severance pay?  why they didn't allow me to file my owe taxes on the money myself?

On Thu, Dec 31, 2020 at 3:40 PM Patrick Sorsby Esq. <sorsbylaw@gmail.com> wrote:
I am out of the office till midweek but see below and attached.

---------- Forwarded message ----------
From: **Horwitz, William R.** <william.horwitz@faegredrinker.com>
Date: Thu, Dec 31, 2020 at 3:33 PM
Subject: Welch - Settlement - confidential
To: Patrick Sorsby Esq. <sorsbylaw@gmail.com>

**CONFIDENTIAL SETTLEMENT COMMUNICATION**

Patrick,

We sent out the settlement payments today via FedEx to Ms. Welch and you.  Copies of the letters, checks and stubs are attached.

Best wishes for the New Year.

Bill

**William R. Horwitz**
william.horwitz@faegredrinker.com
+1 973 549 7142 direct / +1 973 360 9831 fax

**Faegre Drinker Biddle & Reath** LLP
600 Campus Drive                          1177 Avenue of the Americas, 41st Floor
Florham Park, New Jersey 07932 USA        New York, New York 10036 USA
                                          +1 212 248.3140 direct / +1 212 248 3141 fax

This message and any attachments are for the sole use of the intended recipient(s) and may

Mail body: Fwd: Welch - Settlement - confidential

---

---------- Forwarded message ----------
From: Ernestine Welchworkout <ernwelh@gmail.com>
Date: Fri, Jan 1, 2021, 2:21 PM
Subject: Re: Welch - Settlement - confidential
To: Patrick Sorsby Esq. <sorsbylaw@gmail.com>

Morning Patrick I am not happy, why does this say severance pay?  why they didn't allow me to file my owe taxes on the money myself?

On Thu, Dec 31, 2020 at 3:40 PM Patrick Sorsby Esq. <sorsbylaw@gmail.com> wrote:
I am out of the office till midweek but see below and attached.

---------- Forwarded message ----------
From: **Horwitz, William R.** <william.horwitz@faegredrinker.com>
Date: Thu, Dec 31, 2020 at 3:33 PM
Subject: Welch - Settlement - confidential
To: Patrick Sorsby Esq. <sorsbylaw@gmail.com>


**CONFIDENTIAL SETTLEMENT COMMUNICATION**


Patrick,


We sent out the settlement payments today via FedEx to Ms. Welch and you.  Copies of the letters, checks and stubs are attached.


Best wishes for the New Year.


Bill


**William R. Horwitz**
william.horwitz@faegredrinker.com
+1 973 549 7142 direct / +1 973 360 9831 fax

**Faegre Drinker Biddle & Reath** LLP
600 Campus Drive                       1177 Avenue of the Americas, 41st Floor
Florham Park, New Jersey 07932 USA     New York, New York 10036 USA
                                        +1 212 248 3140 direct / +1 212 248 3141 fax


This message and any attachments are for the sole use of the intended recipient(s) and may contain confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments.


--

Mail body: Fwd: checks

---

---------- Forwarded message ---------
From: Patrick Sorsby Esq. <sorsbylaw@gmail.com>
Date: Thu, Dec 31, 2020, 8:16 AM
Subject: checks
To: Ernestine Welch workout <ernwelh@gmail.com>

See below... checks are going out today.                                           Wed, Dec 30, 10:40 AM (21 hours ago)
**Horwitz, William R.**
to me

**CONFIDENTIAL SETTLEMENT COMMUNICATION**

Patrick,

Assuming that Ms. Welch doesn't revoke today, I'll send out the settlement checks tomorrow by FedEx.  They should be delivered by January 4 at the latest.  I'll also send you the fully executed Settlement Agreement.

--
**Patrick Sorsby, Esq.**

**Law Office of Patrick Sorsby PLLC**
**1568 Central Avenue FL 1**
**Albany NY 12205**
**518-456-4LAW (tel)**
**518-452-4529 (fax)**
**e-mail:** sorsbylaw@gmail.com
www.sorsbylaw.com
**Service not accepted**
**by email or fax without prior written approval.**

---

Federal Tax Disclosure and Confidentiality Notice:
In accordance with IRS requirements, we inform you that any Federal tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.  This electronic mail transmission is intended only for the use of the individual or entity to which it is addressed and may contain confidential information belonging to the sender which is protected by the attorney-client privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this information is strictly prohibited.  If you have received this transmission in error, please notify the sender immediately by e-mail or by phone at (518) 545-4529 and delete the original message.

**Mail body: Fwd: Documents to get back to me ASAP**

---

---------- Forwarded message ----------
From: **Patrick Sorsby Esq.** <sorsbylaw@gmail.com>
Date: Thu, Dec 3, 2020, 12:39 PM
Subject: Documents to get back to me ASAP
To: Ernestine Welch workout <ernwelh@gmail.com>


Ernestine,

Please complete and email back to me the attached tax docs. They need these ASAP to get the payroll department processessing the checks.


---

**Patrick Sorsby, Esq.**

**Law Office of Patrick Sorsby PLLC**
**1568 Central Avenue FL 1**
**Albany NY 12205**
**518-456-4LAW (tel)**
**518-452-4529 (fax)**
**e-mail: sorsbylaw@gmail.com**
www.sorsbylaw.com
**Service not accepted**
**by email or fax without prior written approval.**

---

Federal Tax Disclosure and Confidentiality Notice:
In accordance with IRS requirements, we inform you that any Federal tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein. This electronic mail transmission is intended only for the use of the individual or entity to which it is addressed and may contain confidential information belonging to the sender which is protected by the attorney-client privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please notify the sender immediately by e-mail or by phone at (518) 545-4529 and delete the original message.

**Mail body: Fwd: Check**

---

---------- Forwarded message ---------
From: ~~Ernestine Welch workout~~ <ernwelh@gmail.com>
Date: Wed, Dec 30, 2020, 8:52 AM
Subject: Re: Check
To: Patrick Sorsby Esq. <sorsbylaw@gmail.com>

Good morning Patrick, just checking in on when should I expect delivery of check today or tomorrow? Also I never received copies of the settlement

On Wed, Dec 23, 2020 at 12:19 PM Patrick Sorsby Esq. <sorsbylaw@gmail.com> wrote:
> Are you on your way?

> On Tue, Dec 22, 2020 at 8:08 PM Ernestine Welch workout <ernwelh@gmail.com> wrote:
>> Ok see you by 12noon tomorrow, got my grandkids for the Holiday, this is why I'm saying by noon, so I can feed them and drop them off to family ok

>> On Tue, Dec 22, 2020 at 6:10 PM Patrick Sorsby Esq. <sorsbylaw@gmail.com> wrote:
>>> I am available tomorrow morning between 10 and 1 to pick up your file and sing the docs.

>>> On Mon, Dec 14, 2020 at 3:01 PM Ernestine Welch workout <ernwelh@gmail.com> wrote:
>>>> Ernestine welch , 1447 County Rt 19 Elizaville ny 12523

>>>> On Mon, Dec 14, 2020 at 12:03 PM Patrick Sorsby Esq. <sorsbylaw@gmail.com> wrote:
>>>>> Ernestine,

>>>>> See below we need a different check delivery address:

>>>>> "We can send Ms. Welch's check directly to her, but FedEx won't deliver to a Post Office box.  "

>>>>> --
>>>>> **Patrick Sorsby, Esq.**
>>>>>
>>>>> **Law Office of Patrick Sorsby PLLC**
>>>>> **1568 Central Avenue FL 1**
>>>>> **Albany NY 12205**
>>>>> **518-456-4LAW (tel)**
>>>>> **518-452-4529 (fax)**
>>>>> **e-mail: sorsbylaw@gmail.com**
>>>>> **www.sorsbylaw.com**
>>>>> **Service not accepted**
>>>>> **by email or fax without prior written approval.**
>>>>>
>>>>> Federal Tax Disclosure and Confidentiality Notice:
>>>>> In accordance with IRS requirements, we inform you that any Federal tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein. This electronic mail transmission is intended only for the use of the individual or entity to which it is addressed and may contain confidential information belonging to the sender which is protected by the attorney-client privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please notify the sender immediately by e-mail or by phone at (518) 545-4529 and delete the original message.

--
**Patrick Sorsby, Esq.**

**Law Office of Patrick Sorsby PLLC**
**1568 Central Avenue FL 1**
**Albany NY 12205**
**518-456-4LAW (tel)**
**518-452-4529 (fax)**
**e-mail: sorsbylaw@gmail.com**
**www.sorsbylaw.com**
**Service not accepted**
**by email or fax without prior written approval.**

**Federal Tax Disclosure and Confidentiality Notice:**
In accordance with IRS requirements, we inform you that any Federal tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein. This electronic mail transmission is intended only for the use of the individual or entity to which it is addressed and may contain confidential information belonging to the sender which is protected by the attorney-client privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please notify the sender immediately by e-mail or by phone at (518) 545-4529 and delete the original message.

--

**Patrick Sorsby, Esq.**

**Law Office of Patrick Sorsby PLLC**
1568 Central Avenue FL 1
Albany NY 12205
**518-456-4LAW (tel)**
**518-452-4529 (fax)**
**e-mail:** sorsbylaw@gmail.com
www.sorsbylaw.com
**Service not accepted**
**by email or fax without prior written approval.**

**Federal Tax Disclosure and Confidentiality Notice:**
In accordance with IRS requirements, we inform you that any Federal tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein. This electronic mail transmission is intended only for the use of the individual or entity to which it is addressed and may contain confidential information belonging to the sender which is protected by the attorney-client privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please notify the sender immediately by e-mail or by phone at (518) 545-4529 and delete the original message.



faegredrinker.com

**William R. Horwitz**
william.horwitz@faegredrinker.com
973-549-7142 direct

**Faegre Drinker Biddle & Reath LLP**
1177 Avenue of the Americas, 41st Floor
New York, New York  10036
+1 212 248 3140 main
+1 212 248 3141 fax

## CONFIDENTIAL SETTLEMENT COMMUNICATION

December 31, 2020

**VIA FEDEX DELIVERY**
Patrick Sorsby, Esq. (sorsbylaw@gmail.com)
Law Office of Patrick Sorsby PLLC
1568 Central Avenue
Albany, New York 12205

> **Re:**    **Ernestine Welch v. BioReference Laboratories, Inc.**
> **Civil Action No. 1:19-cv-00846 (BKS) (DJS)**

Dear Mr. Sorsby:

In connection with the settlement of the above-referenced case, enclosed is a "Bio-Reference Laboratories, Inc." check (Check No. 113023) in the total gross amount of four thousand dollars ($4,000) payable to "The Law Office of Patrick Sorsby PLLC." Also enclosed is the pay stub associated with that check. As you requested, I have sent Ms. Welch's settlement payment directly to her.

Best wishes for the New Year.

Very truly yours,

WILLIAM R. HORWITZ

Enclosure

125436015