**UNITED STATE DISTRICT NORTHERN COURT OF NEW YORK:**          **MOTION:**

**(BREACH  OF CONTRACT)**

03/24/20



Ernestine Welch V.   Bio Reference Insurance

Please see attach to Motion sent in by Via Mail on 03/12/20,

1. Attach is Transcript from November 3, 2020 hearing. To clarify there were no specific
   Characterization listed as far as wages.

2. Attach is Settlement Agreement between parties , please take into consideration pg.
   10/11.  Review and Revocation Period, based on Breach of Contract  paragraph's 21-26.

Any questions Please feel free to contact me at 518-772-8921.

Sincerely,

*Ernestine Welch*

ERNESTINE WELCH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

ERNESTINE WELCH,                          )
                                          )
            Plaintiff,                    )   CASE NO.: 1:19-CV-846
                                          )
      vs.                                 )
                                          )
BIO-REFERENCE LABORATORIES, INC.,         )
et al.,                                   )
            Defendants.                   )
_____)


TRANSCRIPT OF PROCEEDINGS
BEFORE THE HON. DANIEL J. STEWART
TUESDAY, NOVEMBER 3, 2020
ALBANY, NEW YORK


FOR THE PLAINTIFF:
      Law Office of Patrick Sorsby, PLLC
      By:  Patrick Sorsby, Esq.
      1568 Central Avenue
      Albany, New York  12205


FOR THE DEFENDANTS:
      Faegre Drinker Biddle & Reath
      By:  William Horwitz, Esq.
      600 Campus Drive
      Florham, NJ  07932
       -and-
      Ehud Fried, Esq., In-house counsel for defendants


THERESA J. CASAL, RPR, CRR, CSR
Federal Official Court Reporter
445 Broadway, Room 509
Albany, New York  12207

*THERESA J. CASAL, RPR, CRR*
*UNITED STATES DISTRICT COURT - NDNY*

*Welch v. Bio-Reference – 19-CV-846*

1          (Court commenced at 12:44 PM.)

2          THE CLERK:  The date is Tuesday, November 3, 2020,

3     the time is 12:45 PM.  We're here in the matter of Welch

4     versus Bio-Reference Laboratories Incorporated, et al., case

5     number 19-CV-846.  May I have appearances for the record,

6     please.

7          MR. SORSBY:  Attorney Patrick Sorsby here on

8     behalf of the plaintiff, Ernestine Welch.

9          MR. HORWITZ:  This is William Horwitz, of Faegre

10    Drinker Biddle & Reath, on behalf of defendant

11    Bio-Reference.  And I apologize, your Honor, I think

12    Mr. Fried -- okay, I think he's on now, I apologize.

13         THE COURT:  All right.  So the record can reflect

14    that the parties have engaged in extensive settlement

15    negotiations today.

16         Prior to the beginning of our video conference, I

17    received extensive position papers for both sides, I

18    reviewed those, I had an opportunity to talk frankly with

19    both sides for the last almost three hours.

20         At this point in time, it's the Court's

21    understanding that a settlement has been reached, and so

22    what I plan on doing, I'm going to ask the defense counsel

23    to put their understanding of the agreement, I'll then

24    confirm with plaintiff's counsel that that's correct.  If

25    there's any additional terms, we'll work those out now.

*THERESA J. CASAL, RPR, CRR*
*UNITED STATES DISTRICT COURT - NDNY*

*Welch v. Bio-Reference - 19-CV-846*

1        So let me start with defense counsel and have you

2   set forth what you believe your understanding is.

3        MR. HORWITZ:  Thank you, your Honor.  And I

4   have -- I mean, I've got quite a detailed list, so I could

5   go with kind of the top level terms or we could go into more

6   detail, whatever Your Honor prefers, but the main points are

7   that Bio-Reference agrees to play -- to pay Ms. Welch

8   $18,000, a settlement payment in the gross amount of

9   $18,000; it will be less withholding as W-2 wages.

10  Presumably, some portion of that, which Mr. Sorsby can let

11  me know, it will go toward attorneys' fees.

12       With respect to the rest of the terms, there's

13  going to be a no rehire provision, so Ms. Welch will not be

14  able to apply for or receive future employment with

15  Bio-Reference or the released parties, which are going to

16  include other related entities.

17       Ms. Welch will be responsible for all taxes on the

18  settlement payment and it will indemnify Bio-Reference for

19  any tax liability.

20       The parties agree to dismissal of the lawsuit with

21  prejudice and without costs as to all parties.

22       Ms. Welch will provide a full release of claims

23  and covenant not to sue.  To the fullest extent permitted by

24  law, the settlement is going to be -- any underlying

25  allegations will remain confidential.

*Welch v. Bio-Reference - 19-CV-846*

1    She'll have a 21-day review period and 7-day

2  revocation period.

3    The settlement agreement will not be able to be

4  used as evidence in any proceeding except to enforce its

5  terms.

6    There's gonna be a nonadmission of liability or

7  misconduct on behalf of Bio-Reference.

8    The settlement agreement will provide that

9  Ms. Welch will not be able to provide assistance to any

10  other plaintiffs or potential plaintiffs, except to the

11  extent required by law.  Nothing will prevent her from

12  testifying truthfully if compelled pursuant to a subpoena.

13    There will be acknowledgements by Ms. Welch that

14  she made all required disclosures pursuant to *Sarbanes-Oxley*

15  to Bio-Reference.  The release of claims is going to be as

16  broad as legally permissible, including all potential

17  claims, both employment-related, non-employment-related, up

18  to the time she signs the agreement.  It's going to include

19  a waiver of any claims for attorney's fees or any other kind

20  of damages.

21    The release will cover Bio-Reference and all of

22  its predecessors, successors, assigns, subsidiaries,

23  employees and so forth.  Specifically, the release will name

24  Terry Tucker and Jean Vought.  It will also specifically

25  name Optco Health, Inc. (phonetic).

*Welch v. Bio-Reference - 19-CV-846*

1       The settlement agreement will memorialize

2  Ms. Welch's representation that she has no other pending

3  actions against the released parties.

4       The agreement's going to include a class and

5  collective action waiver.

6       The settlement agreement will require Ms. Welch to

7  notify Bio-Reference of any subpoenas relating to

8  Bio-Reference.

9       There will be a non-disparage agreement by

10  Ms. Welch with respect to the released parties.

11       The settlement agreement will include an

12  acknowledgement by Ms. Welch that she's been paid and

13  received all compensation, wages, bonuses, overtime

14  payments and so forth with respect to her employment at

15  Bio-Reference.

16       There will be an acknowledgement by her that

17  there's no -- that settlement payment is not subject to any

18  Medicare lien or any third-party lien.  She will indemnify

19  and hold Bio-Reference harmless for any costs associated

20  with any such liens.

21       The parties are responsible for their own

22  attorneys' fees.

23       The -- in the event of a lawsuit asserting a claim

24  for breach of the settlement agreement, the prevailing party

25  shall recover attorneys' fees.

*Welch v. Bio-Reference - 19-CV-846*

1        New York law will govern and there will be a form

2   selection clause designating the Northern District of New

3   York.

4        This agreement will supersede all prior agreements

5   and understandings between the parties.

6        The agreement will provide that both sides

7   participated in the drafting, so ambiguities will not be

8   construed against any parties, and the settlement agreement

9   will contain all other usual, customary and standard

10  provisions, although that's most of them.

11       THE COURT:  Well, let me ask you this:  You've

12  indicated that there's gonna be a non-disparagement

13  clause.  I assume that's going to go both ways, correct?

14  In other words, she won't disparage you and you won't

15  disparage her?

16       MR. HORWITZ:  We'll agree -- I can work with

17  Mr. Sorsby on the language, but we'll agree to take

18  reasonable steps.  Obviously, we're a company, so it's hard

19  to make a commitment on behalf of everybody in the company,

20  but, certainly, I can speak to Mr. Sorsby and we can narrow

21  it down to something that's workable.

22       THE COURT:  And how does the company handle, as

23  far as future inquiries, if people inquire with regard to

24  Ms. Welch's performance with the company?

25       MR. HORWITZ:  We can include a provision in the

*Welch v. Bio-Reference - 19-CV-846*

1   settlement agreement that provides for neutral references,

2   which is the company's policy in any event, but we'll

3   specify the person to whom prospective employers should

4   contact, and as long as they contact that person, they

5   will -- that person will provide a neutral reference.

6           THE COURT:  All right.  Now, Mr. Sorsby, I know

7   that was a lot, but what -- is that your understanding of

8   the agreement?

9           MR. SORSBY:  That's my understanding of the

10  agreement as read to me, in terms of what I asked for, as to

11  the material terms, as to the amounts and the

12  non-disparagement and what appears to be the typical global

13  settlement type of language, I understand that that's what's

14  been conveyed.  You know, obviously the devil's in the

15  details and I'll have to review it, but to the extent it

16  reflects what was said.

17          The only issue that I might have is the idea of

18  the -- the notion of noticing Bio-Reference on any subpoena,

19  I think that was mentioned.  Obviously, they would be put on

20  notice when they're served a subpoena.  I just want to make

21  sure, as everybody's familiar, there's an ongoing case

22  that's related to this matter, the DOCCS case, I want to

23  make sure whatever's in the stipulation does not impede

24  Miss Welch's case in that matter, so -- I just note that

25  there was language alluding to the subpoena, so if anybody

*Welch v. Bio-Reference - 19-CV-846*

1   wants to speak to that.

2        THE COURT:  All right.  So, Mr. Horwitz, I mean,

3   that case obviously has been dismissed by Judge D'Agostino,

4   there could be a request for reargument or appeal of that.

5   That's obviously not what we're discussing here today; we're

6   only settling this case.  You know, insofar as there's some

7   sort of overlap, obviously, this settlement would not

8   prohibit her from going forward against DOCCS, correct?

9        MR. HORWITZ:  Yes, your Honor.  And in terms

10  of the details, I'm happy to work with Mr. Sorsby to make

11  sure that they're -- that we can work out those kinds of

12  issues.

13       THE COURT:  All right.  So, that's my

14  understanding as well.  I mean, it's a global settlement

15  for $18,000.  That amount includes all costs and attorneys'

16  fees, in addition to what Mr. Horwitz has indicated.

17       So, let me turn first to Ms. Welch with regard

18  to that.  And Ernestine, you've heard what the attorneys

19  have said.  Is that your understanding of the agreement as

20  well?

21       MS. WELCH:  Yes.

22       THE COURT:  All right.  So just for the record,

23  just state your full name, your age and your educational

24  background, if you would.

25       MS. WELCH:  My name is Ernestine Nicole Welch and

*Welch v. Bio-Reference - 19-CV-846*

1    I am 43 years old and my education is a business

2    assistant -- I mean, associate's degree in business and --

3    what else do you need?

4          THE COURT:  No, that's more than enough.

5          MS. WELCH:  Okay.

6          THE COURT:  There's some standard questions that

7    we ask just to make sure that you know you fully understand

8    what you're doing.  So let me just ask directly:

9          Have you taken any drugs, medication or alcohol

10    within the last    24 hours that would affect your ability

11    to comprehend what is occurring today and to understand the

12    agreement that you're entering into?

13          MS. WELCH:  No.

14          THE COURT:  Okay.  And I know you've had an

15    opportunity to discuss the settlement with your counsel

16    because we've been on the line most of the morning.  Is it

17    fair that you've discussed with him the advantages and

18    disadvantages of the settlement?

19          MS. WELCH:  Yes.

20          THE COURT:  And are you satisfied with your

21    counsel's explanation and his advice?

22          MS. WELCH:  Yeah, with my counsel, but as far as

23    the settlement, no, but we are goin' forward, so I am in

24    agreement, yes.

25          THE COURT:  No, I understand what you're saying.

*Welch v. Bio-Reference - 19-CV-846*

1  Obviously, a settlement doesn't -- nobody -- hopefully, a

2  good settlement, nobody is happy with me because it involves

3  compromise on both sides, and I think that that goal may

4  have been established here today.

5          So, as stated here by your attorney, does the

6  agreement contain all of the understandings and agreements

7  agreed to between you and the defendants?

8          MS. WELCH:  Yes.

9          THE COURT:  Has anyone made any other or different

10  promises or assurances to you of any kind in order to

11  persuade you to enter into this agreement?

12          MS. WELCH:  No.

13          THE COURT:  Has anyone attempted in any way to

14  force you to accept this agreement?

15          MS. WELCH:  No.

16          THE COURT:  Is it your free choice to agree to the

17  resolution of this case?

18          MS. WELCH:  Yes.

19          THE COURT:  All right.  And do you understand that

20  you have a right to a trial by a jury, the assistance of

21  counsel to present your case, to be able to subpoena

22  witnesses and documents, and to be able to see and hear the

23  witnesses and have them questioned and cross-examined?

24          MS. WELCH:  Yes.

25          THE COURT:  All right.  And Mr. Fried, let me just

*Welch v. Bio-Reference - 19-CV-846*

1  ask you, just state your name and educational background on

2  the record.

3       MR. FRIED:  Sure.  My name is Ehud Fried, I'm

4  in-house counsel for Bio-Reference Laboratories and I am an

5  attorney.

6       THE COURT:  All right.  And on behalf of the

7  defendants, you agree to the terms and conditions of this

8  settlement as set forth by Mr. Horwitz and Mr. Sorsby?

9       MR. FRIED:  Yes.

10       THE COURT:  And do you have authority to agree to

11  this on behalf of the defendants?

12       MR. FRIED:  I do.

13       THE COURT:  Okay.  So based upon the questions

14  which I've asked and the responses that have been given, the

15  Court finds that the plaintiff is fully competent and

16  capable of making an informed decision to enter into this

17  agreement and settlement; that the plaintiff is aware of the

18  nature and terms of the agreement and the consequences of

19  that agreement; that the defendant fully understands the

20  settlement and is authorized to accept it; that the

21  agreement is made knowingly, willfully and voluntarily; the

22  agreement is, therefore, accepted in the matter and we'll

23  mark it on the docket as having been dismissed by reason of

24  settlement.

25       I'll give the parties 30 days to file the

*THERESA J. CASAL, RPR, CRR*
*UNITED STATES DISTRICT COURT - NDNY*

*Welch v. Bio-Reference - 19-CV-846*

1   necessary documents.  I understand that there will be some

2   back and forth on that.  If additional time is necessary,

3   you can write to the Court, but I'd like to see that filed

4   within 30 days if we could.

5         All right.  Mr. Sorsby, on behalf of Ms. Welch, is

6   there anything further you need me to address?

7         MR. SORSBY:  I just note in prior experiences with

8   these settlements that if we can keep the defendants on a

9   short leash, in terms of whenever we get the stipulation

10  executed, in terms of the turn-around.  I have no idea about

11  Bio-Reference, but some defendants will take a long time, so

12  if we can just put that on the record.

13        THE COURT:  Well, Mr. Horwitz is a proud graduate

14  of the University of Michigan, so I have complete confidence

15  in him that he will get that done.  And Mr. Fried, I never

16  asked where you went to law school or undergrad, so...

17        All right.  Well, I just -- you know, it's been

18  quite a bit of work back and forth, and I appreciate

19  everybody's efforts in this regard.  Obviously, settling a

20  case, I believe, is a much better outcome than having it go

21  to a jury trial.

22        So I appreciate everyone's consideration and

23  certainly patience with the Court, and so I want to thank

24  all of you.  All right.

25        MS. WELCH:  Thank you.

**THERESA J. CASAL, RPR, CRR**
**UNITED STATES DISTRICT COURT - NDNY**

*Welch v. Bio-Reference - 19-CV-846*

1          MR. SORSBY:  Thank you, your Honor.

2          MR. HORWITZ:  Thank you.

3          MR. FRIED:  Thank you, your Honor.

4                    (This matter adjourned at 12:59 PM.)

5                    - - - - -

6

7

8          CERTIFICATION OF OFFICIAL REPORTER

9

10

11          I, THERESA J. CASAL, RPR, CRR, CSR, Official

12   Realtime Court Reporter, in and for the United States

13   District Court for the Northern District of New York, do

14   hereby certify that pursuant to Section 753, Title 28,

15   United States Code, that the foregoing is a true and correct

16   transcript of the stenographically reported proceedings held

17   in the above-entitled matter and that the transcript page

18   format is in conformance with the regulations of the

19   Judicial Conference of the United States.

20

21          Dated this 9th day of March, 2021.

22

23          **/s/ THERESA J. CASAL**

24          THERESA J. CASAL, RPR, CRR, CSR

25          FEDERAL OFFICIAL COURT REPORTER

                    ***THERESA J. CASAL, RPR, CRR***
               ***UNITED STATES DISTRICT COURT - NDNY***

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This SETTLEMENT AGREEMENT AND GENERAL RELEASE ("Agreement") is made and entered into by and between ERNESTINE NICOLE WELCH ("WELCH") and BIOREFERENCE LABORATORIES, INC. ("BIOREFERENCE").   In this Agreement, WELCH and BIOREFERENCE may each be referred to as a "Party" and collectively as the "Parties."

WHEREAS, WELCH is a former BIOREFERENCE employee;

WHEREAS, a dispute between the Parties has arisen from BIOREFERENCE's employment of WELCH, which dispute is the subject of a lawsuit pending in the United States District Court for the Northern District of New York titled Ernestine Welch v. Bio-Reference Laboratories Inc., Civil Action No. 1:19-cv-00846-BKS-DJS (the "Action");

WHEREAS, BIOREFERENCE denies that it violated any law or took any unlawful or inappropriate action toward WELCH or with regard to her employment or the termination of her employment, or that she was otherwise subjected to discrimination, harassment or retaliation, or that she is entitled to recover any economic or non-economic damages or any other relief as alleged in the Complaint or the Amended Complaint filed in the Action;

WHEREAS, WELCH and BIOREFERENCE negotiated a settlement of the Action during a Court Conference with the Honorable Daniel J. Stewart, U.S.M.J., on November 3, 2020; and

WHEREAS, WELCH and BIOREFERENCE wish to avoid the risks and costs of litigation and instead amicably resolve the Action and all outstanding disputes and issues between them and other Released Parties (defined in Section 7(a) below) subject to the terms and conditions set forth in this Agreement.

NOW, THEREFORE, in consideration of the mutual promises contained in this Agreement, the adequacy of which consideration WELCH and BIOREFERENCE each acknowledges, and intending to be legally bound, WELCH and BIOREFERENCE agree as follows:

1.   **Dismissal with Prejudice.**  The Parties agree that the Action shall be dismissed with prejudice and without costs against any Party promptly after the Settlement Amount (defined in Section 2(a)) is paid. WELCH hereby authorizes her counsel, Patrick Sorsby of the Law Office of Patrick Sorsby PLLC, to execute and return to counsel for BIOREFERENCE for filing a "Stipulation of Dismissal With Prejudice and Without Costs" in the form attached to this Agreement as Exhibit A and to take any additional steps necessary to terminate the Action. WELCH agrees that her counsel will execute and return the "Stipulation of Dismissal With Prejudice and Without Costs" to counsel for BIOREFERENCE within five (5) calendar days after the date on which WELCH executes this Agreement.  Following the expiration of the revocation period described in Section 21(b), provided that WELCH does not revoke the Agreement during that period, counsel for BIOREFERENCE will countersign the "Stipulation of Dismissal With Prejudice and Without Costs" on behalf of BIOREFERENCE, and file it with the Court, dismissing the Action.

2.    **Settlement Payment.**

    a.  **Settlement Amount.** Provided that WELCH and her counsel timely execute this Agreement and WELCH complies with her obligations under the Agreement, BIOREFERENCE shall issue a one-time payment to WELCH in the total gross amount of eighteen thousand dollars ($18,000) (the "Settlement Amount"), less applicable withholding.  The Settlement Amount shall constitute the entire payment from BIOREFERENCE for:  (1) the full and final settlement of the Action including, without limitation, claims for attorneys' fees and costs; and (2) all agreements, promises and representations contained in the Agreement. The Settlement Amount shall be paid as follows:

        i.  Provided that WELCH provides counsel for BIOREFERENCE with a completed IRS Form W-4 by no later than the date on which this Agreement is fully executed, BIOREFERENCE shall issue to WELCH a check payable to "ERNESTINE NICOLE WELCH" in the gross amount of fourteen thousand dollars ($14,000), less applicable withholding. BIOREFERENCE will issue an IRS Form W-2 to WELCH in connection with this payment.

        ii.  Provided that WELCH and the Law Office of Patrick Sorsby PLLC each provides counsel for BIOREFERENCE with a completed IRS Form W-9 by no later than the date on which this Agreement is fully executed, BIOREFERENCE shall issue to WELCH's counsel a check payable to "The Law Office of Patrick Sorsby PLLC" in the gross amount of four thousand dollars ($4,000) for attorneys' fees and costs. BIOREFERENCE will issue an IRS Form 1099 to WELCH and the Law Office of Patrick Sorsby PLLC in connection with this payment.  This payment is for attorneys' fees.

    b.  **Timing.** Provided that WELCH timely executes this Agreement and returns it to counsel for BIOREFERENCE, BIOREFERENCE shall issue the Settlement Amount within thirty (30) calendar days after the later of:  (1) the expiration of the revocation period described in Section 21(b), provided that WELCH does not revoke the Agreement during that period; (2) the date on which counsel for BIOREFERENCE receives the "Stipulation of Dismissal With Prejudice and Without Costs," executed by WELCH's counsel (Exhibit A); (3) the date on which counsel for BIOREFERENCE receives WELCH's completed IRS Form W-4; or (4) the date on which counsel for BIOREFERENCE receives The Law Office of Patrick Sorsby PLLC's completed IRS W-9.

3.    **Attorneys' Fees.** As set forth in Section 2(a) of this Agreement, the Settlement Amount includes payment to the Law Office of Patrick Sorsby PLLC and is intended to constitute payment in full for all attorneys who played any role in representing the interests of WELCH in connection with the Action including, but not limited to, Patrick Sorsby. BIOREFERENCE is not aware of any attorneys other than the Law Office of Patrick Sorsby PLLC having represented WELCH in connection with the Action and WELCH acknowledges

and agrees that no other attorneys have done so. WELCH agrees to indemnify and hold BIOREFERENCE and the Released Parties harmless from any claims or demands for fees or compensation (in excess of the attorneys' fees included in the Settlement Amount) sought by any attorneys who have represented her in connection with the Action or any related matter (including, but not limited to, the Verified Complaint she filed in the New York State Division of Human Rights).

    4.    **Tax Consequences.** WELCH agrees to pay any and all taxes found to be owed in connection with the payment of the Settlement Amount and to indemnify and hold BIOREFERENCE and the Released Parties harmless from any claims, assessments, demands, penalties and interest owed, or found to be owed, as a result of that payment. In the event it is determined that any monies are due and owing to any government or governmental agency with respect to the Settlement Amount, those monies shall be the sole responsibility of WELCH and shall not affect the validity of this Agreement in any way.

    5.    **Arm's-Length Negotiations.** WELCH and BIOREFERENCE arrived at the settlement memorialized in this Agreement through arm's-length negotiations, taking into account all relevant factors, past, present and potential, and they believe in good faith that the terms of this Agreement are fair, adequate and reasonable.

    6.    **Non-Admission.** BIOREFERENCE denies that it has wronged or harmed WELCH in any way and further denies that any action taken with respect to her hiring, employment, leaves of absence, compensation or termination was in any way wrongful or unlawful. It is understood and agreed that, by entering into this Agreement, BIOREFERENCE in no way admits any wrongdoing by reason of the matters alleged in the Action or by reason of any other matter. This Agreement is not, and shall not be construed as, an admission by BIOREFERENCE or any of BIOREFERENCE's current or former directors, officers, employees, representatives or agents, of any unlawful or improper conduct toward WELCH or anyone else.

    7.    **Release of Claims by WELCH.**

        a.    **The "Released Parties."** For purposes of this Agreement, "Released Parties" means BIOREFERENCE and all of BIOREFERENCE's predecessors, successors, assigns, parents, subsidiaries, operating companies, affiliates, contractors, insurers, and directors (including, without limitation, OPKO Health, Inc.); and all of their respective current and former officers, members, employees, attorneys, representatives and agents (including, without limitation, Jean Voght and Terri Tucker).

        b.    **Waiver/Release.** In consideration of the benefits provided in this Agreement and intending to be legally bound, and except for the rights and obligations arising under this Agreement, WELCH hereby releases the Released Parties from any and all complaints, charges, liabilities, damages, punitive damages, emotional distress damages, claims, causes of action, lawsuits, fines, penalties, interest and expenses (including attorneys' fees and costs), of any nature whatsoever, whether asserted or unasserted, known or unknown, that WELCH ever had or now has against BIOREFERENCE or any of the other

3

Released Parties that arose at any time up to the date of this Agreement.  For clarity, and not by way of limitation, the Parties confirm that, pursuant to this Section 7(b) and to the fullest extent permitted by law, WELCH is releasing BIOREFERENCE and the other Released Parties from any and all claims: (1) that she asserted or could have asserted in the Action; (2) that arise out of or relate to WELCH's employment by BIOREFERENCE or the termination of that employment; (3) for commissions, wages, bonuses, fees or compensation of any kind; (4) for disability and race discrimination, and discrimination based on any other actual or perceived characteristic; (5) for failure to accommodate any actual or perceived disability; (6) for interference with any leave of absence; (7) for harassment, hostile work environment and retaliation; (8) for discrimination based on a criminal conviction or record; (9) that arise out of any common law, tort or equitable principle; and (10) that arise under any federal, state or local statute, regulation or ordinance including, without limitation:

→ **Federal Laws, such as:**

- The Age Discrimination in Employment Act
- The Older Workers Benefit Protection Act
- Title VII of the Civil Rights of 1964;
- Sections 1981 through 1988 of Title 42 of the United States Code;
- The Civil Rights Act of 1991;
- The Equal Pay Act;
- The Americans with Disabilities Act;
- The Rehabilitation Act;
- The Employee Retirement Income Security Act;
- The Worker Adjustment and Retraining Notification Act;
- The Fair Labor Standards Act;
- The National Labor Relations Act;
- The Fair Credit Reporting Act;
- The Occupational Safety and Health Act;
- The Uniformed Services Employment and Reemployment  Act;
- The Employee Polygraph Protection Act;
- The Immigration Reform Control Act;
- The Family and Medical Leave Act;
- The Genetic Information Nondiscrimination Act;
- The Federal False Claims Act;
- The Patient Protection and Affordable Care Act;
- The Consolidated Omnibus Budget Reconciliation Act;
- The Lilly Ledbetter Fair Pay Act; and

→ **State and Municipal Laws, such as:**

- The New York State Human Rights Law; the New York State Executive Law; the New York State Civil Rights Law; the New York State Whistleblower Law; the New York State Legal

4

Recreational Activities Law; the retaliation provisions of the New York State Workers' Compensation Law; the New York Labor Law; the New York State Worker Adjustment and Retraining Notification Act; the New York State False Claims Act; the New York State Wage and Hour Laws; the New York State Equal Pay Law; the New York State Rights of Persons with Disabilities Law; the New York State Nondiscrimination Against Genetic Disorders Law; the New York State Smokers' Rights Law; the New York AIDS Testing Confidentiality Act; the New York Genetic Testing Confidentiality Law; the New York Discrimination by Employment Agencies Law; the New York Bone Marrow Leave Law; the New York Adoptive Parents Child Care Leave Law; the New York State Paid Family Leave Law; the New York City Human Rights Law; the New York City Administrative Code; the New York City Earned Safe and Sick Time Act; and the New York City Charter; and

- The New Jersey Law Against Discrimination; the New Jersey Discrimination in Wages Law; the New Jersey Temporary Disability Benefits and Family Leave Insurance Law; the New Jersey Domestic Partnership Act; the New Jersey Conscientious Employee Protection Act; the New Jersey Family Leave Act; the New Jersey Wage Payment Act; the New Jersey Equal Pay Law; New Jersey's Diane B. Allen Equal Pay Act; the New Jersey Occupational Safety and Health Law; the New Jersey False Claims Act; the New Jersey Smokers' Rights Law; the New Jersey Genetic Privacy Act; the New Jersey Fair Credit Reporting Act; the New Jersey Emergency Responder Leave Law; the New Jersey Millville Dallas Airmotive Plant Job Loss Notification Act (a/k/a the New Jersey WARN Act); the New Jersey Security and Financial Empowerment Act; the New Jersey Earned Sick Leave Law; New Jersey's Jake Honig Compassionate Use Medical Cannabis Act; and the retaliation provisions of the New Jersey Workers' Compensation Law.

c.  **Waiver of Amendments.** WELCH also releases all claims under any and all amendments to any of the above laws and releases claims for violations of any other federal, state or local law, regulation or ordinance, and contract or implied contract or tort law or public policy or whistleblower claim having any bearing whatsoever on WELCH's hiring, leaves of absence, employment or compensation, or the termination of her employment.

d.  **Broad Scope of the Release.** This release is intended to be as broad as legally permissible and applies to both employment-related and non-employment-related claims up to the time that WELCH executes this Agreement. This release includes a waiver of jury trials and non-jury trials. This Agreement does not release or waive claims or rights that, as a matter of law, cannot be waived.

5

e.   <u>False Claims Act.</u>  Except as otherwise provided in Section 10, WELCH also releases and waives any and all claims for personal gain under the New York False Claims Act, the New Jersey False Claims Act and the Federal False Claims Act.

f.   <u>Withdrawal of Pending Actions.</u>  WELCH represents that, other than the Action, she has not commenced and, to her knowledge, is not a party to any action against BIOREFERENCE or the Released Parties (or any of them) in any state or federal court or in arbitration.  Pursuant to the terms of this Agreement, she agrees to promptly dismiss the Action with prejudice by having her attorney execute and return the "Stipulation of Dismissal With Prejudice and Without Costs" (in the form attached as Exhibit A).

g.   <u>Waiver of Recovery.</u>  WELCH acknowledges and agrees that, except as otherwise provided in Section 10, she is waiving any relief available to her (including, without limitation, monetary damages, equitable relief and reinstatement) under any of the claims and causes of action waived in this Agreement.

h.   <u>No Outstanding Claims.</u>  WELCH represents that, other than the Action, there are no outstanding civil, criminal or administrative charges, complaints, claims, grievances or actions of any nature whatsoever previously filed or brought by her or on her behalf against any of the Released Parties pending before any federal, state, local or administrative court or agency or in arbitration as of the date on which she signs this Agreement.

i.   <u>Exceptions.</u>  Nothing contained in this Section 7 is intended to release claims: (1) arising after the date on which WELCH executes this Agreement; or (2) that may not be released as a matter of law.

8.      <u>WELCH's Covenant Not to Sue.</u>  Except as otherwise provided in Section 10, WELCH agrees that neither she nor any person or entity on her behalf shall commence, maintain or prosecute any lawsuit or other court action of any kind against any of the Released Parties with respect to any act, omission or other matter released by Section 7.

9.      <u>Class Action / Collective Action Waiver.</u>  WELCH agrees not to sue or otherwise bring any legal action against BIOREFERENCE or any of the other Released Parties ever for any claims released in Section 7 arising before WELCH executes this Agreement. WELCH is not only waiving any right she may have to proceed individually, but also as a member of a class or collective action.  In the event that WELCH receives notice of a class or collective action against the Released Parties for claims arising before she executes this Agreement, WELCH must "opt out" of and may not "opt in" to such action.  WELCH is also giving up any right she may have to recover any relief from the Released Parties as a member of a class or collective action with respect to claims arising before she executes this Agreement.

10.      <u>Exceptions to Release of Claims and Covenant Not to Sue.</u>  In Sections 7, 8 and 9, WELCH releases claims and agrees not to sue, but there are exceptions to these

6

commitments. Specifically, nothing in this Agreement prevents WELCH from bringing a legal action or otherwise taking steps to:

- Enforce the terms of this Agreement; or

- Challenge the validity of this Agreement; or

- Make any disclosure of information required by law; or

- Provide information to, testify before or otherwise assist in any investigation or proceeding brought by, any regulatory or law enforcement agency or legislative body, any self-regulatory organization, or the Released Parties; or

- Provide truthful testimony in any forum; or

- Cooperate fully and provide information as requested in any investigation by a governmental agency or commission; or

- File a charge or complaint with the Equal Employment Opportunity Commission, the National Labor Relations Board, the Occupational Safety and Health Administration, the Securities and Exchange Commission or any other federal, state or local governmental agency or commission ("Government Agencies"); or

- File a lawsuit or other action to pursue claims that arise after WELCH executes this Agreement.

For purposes of clarity, this Agreement does not limit the ability of WELCH to communicate with any Government Agencies or otherwise participate in any investigation or proceeding that may be conducted by any Government Agency, including providing documents or other information, without notice to BIOREFERENCE. This Agreement does not limit any right of WELCH to receive an award for information provided to any Government Agency.

11.     **No Future Employment with or Retention by BIOREFERENCE.** WELCH agrees that she will not, at any time in the future, directly or indirectly, seek or accept employment with or retention by BIOREFERENCE or any of the other Released Parties. WELCH further acknowledges that BIOREFERENCE and the other Released Parties are entitled to reject without cause any application for employment or retention she has made or may make and that each of those entities expressly reserves the right to terminate her employment or other relationship in the event she is employed or retained, either directly or indirectly. Should WELCH seek employment or retention in violation of this Agreement and be inadvertently hired or retained by an agent or employee who has no knowledge of this Agreement, this Agreement shall constitute a legitimate and valid reason to terminate WELCH's employment or retention. WELCH understands and agrees that any failure to hire or retain her or any termination of her employment or retention will be the result of this Agreement, which shall be presumed to be a legitimate, non-discriminatory and non-retaliatory reason for such action, and she will lack any basis for pursuing any legal claims.

12.     **Neutral Job References.**  Provided that WELCH directs reference inquiries from potential employers to Jeanne Calton, Director, Human Resources Business Partner (BioReference Laboratories, Inc., 481 Edward H. Ross Drive, Elmwood Park, New Jersey 07407 / e-mail: JCalton@BioReference.com), BIOREFERENCE will provide prospective employers with:   (1) WELCH's dates of employment; and (2) WELCH's last position held. BIOREFERENCE reserves the right to respond truthfully to any compulsory process of law (such as a subpoena) or as otherwise required by law.

13.     **No Cooperation.**  Except as otherwise required by law, including without limitation pursuant to a lawfully issued subpoena, WELCH agrees not to provide any documents or information to, or otherwise knowingly assist, any non-government private individual or entity with any allegations, demands or legal actions of any nature against BIOREFERENCE or any of the Released Parties.

14.     **Return of BIOREFERENCE Property.**  WELCH represents that she is not in possession of any property owned by BIOREFERENCE and that, if she discovers that she is in possession of such property, she will return it to BIOREFERENCE immediately.

15.     **Notice of Subpoenas.**  If WELCH is subpoenaed or otherwise compelled to give testimony or provide documentation on matters covered by this Agreement, she agrees to notify counsel for BIOREFERENCE, William R. Horwitz, Esq., Faegre Drinker Biddle & Reath LLP, 1177 Avenue of the Americas, 41st Floor, New York, New York 10036, and, provided that no Court Order or Administrative Order issued by a regulatory government agency expressly prohibits WELCH from doing so, advise Mr. Horwitz of the circumstances relating to the subpoena or other notice by no later than three (3) calendar days after receiving the subpoena or other notice.

16.     **Agreement Not to be Considered or Used as Evidence.**  The Parties agree that this Agreement shall not be offered, used or considered as evidence in any proceeding of any type against or involving WELCH and BIOREFERENCE or any of the Released Parties, except to the extent necessary to enforce the Agreement's terms, or as otherwise required by law.

17.     **Dismissal of Action.**  WELCH agrees and understands that, notwithstanding anything to the contrary contained in this Agreement, the terms of this Agreement shall not take effect unless and until she returns the executed Agreement and "Stipulation of Dismissal With Prejudice and Without Costs" to counsel for BIOREFERENCE.   After the Stipulation of Dismissal is filed with the Court by counsel for BIOREFERENCE, if any additional steps are necessary to achieve dismissal of the Action with prejudice, then WELCH and BIOREFERENCE agree to take all such steps.

18.     **Confidentiality of Settlement Terms.**  Except as otherwise provided in Section 10 or 20 or by applicable law, WELCH represents that she will keep the terms of Section 2 of this Agreement completely confidential and shall not disclose, publish, publicize, disseminate or refer in any way to such information.  She further agrees that she will not publish, attempt to publish or otherwise disclose such information in any manner including, but not limited to, in casual conversation or correspondence, on Internet websites, through social media or via any media outlet or organization, by reference to the docket, or anonymously.  The intent of this provision is to protect from disclosure to the greatest degree possible information relating to the

8

terms of Section 2. Notwithstanding any provision to the contrary in this Agreement, WELCH may disclose the terms of Section 2 to her spouse, her tax advisor and her attorneys provided that they all agree to treat such information confidentially and that a disclosure by any of them (including by the Law Office of Patrick Sorsby PLLC) shall constitute a disclosure by WELCH in violation of this Agreement. Except as otherwise provided in this Section 20, if WELCH is asked about the Action or the resolution of the Action, she may state only, "The matter has been resolved," and may not otherwise disclose information. Neither WELCH nor anyone acting on her behalf (including, but not limited to, the Law Office of Patrick Sorsby PLLC) will file or publish the Agreement, excerpts from the Agreement or terms of the Agreement on any public docket or permit any such information to be included as part of any public transcript, report, minutes or record. The Parties agree that this Section 20 is a material term of the Agreement and that, in the event of a violation, BIOREFERENCE shall be entitled to any and all relief available in law or equity including, but not limited to, injunctive relief (without posting a bond).

19. **Confidentiality of Facts and Circumstances; Non-Disparagement.** WELCH previously memorialized, in an "Agreement Memorializing Confidentiality and Non-Disparagement Preferences," her preference to include the provisions set forth below in this Agreement:

  a. **Confidentiality of Facts and Circumstances.** Except as otherwise provided in Section 10 or 20 or by applicable law, WELCH and BIOREFERENCE agree that they will not, directly or indirectly, disclose the facts and circumstances underlying the Action in any manner including, but not limited to, in casual conversation or correspondence, on Internet websites, through social media or via any media outlet or organization. WELCH and BIOREFERENCE agree that this Settlement Agreement bars both anonymous and attributed reporting and prohibits referral to the Action's docket by WELCH or BIOREFERENCE or her or its attorneys or anyone else associated with those attorneys (including the attorneys' law firms).

  b. **Non-Disparagement by WELCH.** Except as otherwise provided by law, WELCH agrees that she will not, through any medium including, but not limited to, the press, Internet or any other form of communication, disparage, defame, or otherwise damage or assail the reputation, integrity or professionalism of BIOREFERENCE or the other Released Parties. Nothing in this Section 19 is intended to restrict or impede WELCH's participation in proceedings or investigations brought by or before the Equal Employment Opportunity Commission or the National Labor Relations Board, or any other federal, state or local government agencies, or otherwise restrict or impede WELCH from exercising protected rights under Section 7 of the National Labor Relations Act or rights that cannot be waived by agreement.

  c. **Non-Disparagement by BIOREFERENCE.** Except as otherwise provided by law, BIOREFERENCE will make good faith efforts to ensure that members of its executive management who have knowledge of the Action will not communicate or publish, directly or indirectly, any disparaging comments or information about WELCH to any third party (other than financial, legal and business advisors).

9

20.    **Exceptions to Confidentiality.**  Nothing in this Agreement shall prohibit or in any way restrict WELCH from reporting possible violations of law to a governmental agency or entity.  WELCH is not required to inform BIOREFERENCE regarding any such report.  Nothing prevents WELCH from disclosing the facts and circumstances underlying the Action to her spouse, provided that the spouse agrees to comply with the confidentiality obligations set forth in Sections 18 and 19, and that a disclosure by the spouse in violation of this Settlement Agreement shall constitute a disclosure by WELCH in violation of this Settlement Agreement.  Nothing in Section 19(a) is intended to prohibit WELCH from disclosing facts and circumstances underlying the Action to the limited extent necessary to file and pursue legal claims against the New York State Department of Corrections and Community Supervision.

In accordance with the New Jersey Law Against Discrimination Non-Disclosure Provision Statement (N.J.S.A. § 10:5-12.8):

> **ALTHOUGH THE PARTIES MAY HAVE AGREED TO KEEP THE SETTLEMENT AND UNDERLYING FACTS CONFIDENTIAL, SUCH A PROVISION IN AN AGREEMENT IS UNENFORCEABLE AGAINST THE EMPLOYER IF THE EMPLOYEE PUBLICLY REVEALS SUFFICIENT DETAILS OF THE CLAIM SO THAT THE EMPLOYER IS REASONABLY IDENTIFIABLE.**

21.    **Review and Revocation Periods.**

a.  **Review Period.**  WELCH acknowledges that she has **twenty-one (21) calendar days** to consider the terms of this Agreement, although she may sign it sooner if she chooses to do so.

b.  **Revocation Period.**  WELCH shall have **seven (7) calendar days** after the date on which she executes this Agreement to revoke it by delivering notice of her desire to revoke to counsel for BIOREFERENCE, William R. Horwitz, Esq., Faegre Drinker Biddle & Reath LLP, 1177 Avenue of the Americas, 41st Floor, New York, New York 10036 (e-mail address: william.horwitz@faegredrinker.com), before the end of such seven-day period.  In the event of revocation by WELCH, this Agreement shall be null and void and BIOREFERENCE will not make any settlement payments to WELCH.  BIOREFERENCE will not make any settlement payments before the eighth (8th) day after WELCH executes this Agreement and returns it to counsel for BIOREFERENCE, and does not revoke it.

22.    **Full Payment.**  WELCH acknowledges that the Settlement Amount is more than any money or benefits that she was otherwise promised or is otherwise entitled to receive under any policy, plan, handbook or practice of BIOREFERENCE.  WELCH further acknowledges

and agrees that she has been paid and received all compensation, wages, bonuses, overtime payments, vacation pay, sick pay, commissions, equity grants and benefits to which she may have been entitled in connection with her employment with BIOREFERENCE and that no other compensation, wages, bonuses, overtime payments, vacation pay, sick pay, commissions equity grants or benefits are due to her.

23. **Knowing and Voluntary.** WELCH certifies that she has carefully read and fully understands all of the provisions and effects of this Agreement; that she has been advised, through this Section 23, to consult and thoroughly discuss all aspects of this Agreement with her attorney; that she has reviewed this Agreement with her attorneys, the Law Office of Patrick Sorsby PLLC, that she is voluntarily entering into this Agreement; and that neither BIOREFERENCE nor any of the other Released Parties have made any representations concerning the terms or effects of this Agreement other than those contained in the Agreement.

24. **Unknown Facts.** By signing this Agreement, WELCH is acknowledging that she has full knowledge of any and all rights she may have and is assuming the risk of any mistake in fact in connection with the true facts involved, or with regard to any facts that are now unknown to her. BIOREFERENCE is making the same acknowledgment and assuming the same risk.

25. **Adequate Consideration.** WELCH agrees that she is receiving full and fair consideration for all agreements, promises, and representations contained in this Agreement. More specifically, WELCH agrees that the Settlement Amount that BIOREFERENCE is paying pursuant to this Agreement constitutes more than adequate consideration to support the Releases of Claims and Covenants Not to Sue that WELCH is providing to BIOREFERENCE (and the other Released Parties) and the other promises that WELCH is making under the Agreement.

26. **WELCH's Prior Disclosures.** WELCH acknowledges that, prior to her last date of employment with BIOREFERENCE, she disclosed to BIOREFERENCE, in accordance with applicable policies and procedures, any and all information relevant to any investigation of BIOREFERENCE's business practices conducted by any governmental agency or to any existing, threatened or anticipated litigation involving BIOREFERENCE, whether administrative, civil or criminal in nature and that WELCH is otherwise unaware of any wrongdoing committed by any current or former employee of BIOREFERENCE that has not been disclosed. Nothing in this Agreement shall prohibit or restrict WELCH from testifying, participating in or otherwise assisting in a proceeding relating to an alleged violation of the Sarbanes-Oxley Act of 2002, the Dodd-Frank Wall Street Reform and Consumer Protection Act, any federal, state or municipal law relating to fraud, or any rule or regulation of any self-regulatory organization.

27. **WELCH's Medicare Beneficiary Representation.** WELCH warrants that she is not enrolled in Medicare as of the date of this Agreement and, therefore, no conditional payments have been made by Medicare. WELCH will indemnify, defend and hold the Released Parties harmless from any and all claims, liens (including bankruptcy liens), bankruptcy court objections and challenges, Medicare conditional payments and rights to payment, known or unknown, with respect to the Settlement Amount or the claims asserted in the Action. This settlement is based upon a good faith determination of the Parties to resolve a disputed claim. The Parties have not shifted responsibility of medical treatment to Medicare in contravention of 42 U.S.C. § 1395y(b). The Parties resolved this matter in compliance with both state and federal

11

law. The Parties made every effort to adequately protect Medicare's interest and incorporate such into the settlement terms.

28.   **Construction of the Agreement.** This Agreement is made and entered into in the State of New York and shall in all respects be interpreted and enforced according to the laws of New York without regard to conflict of laws principles. The language of this Agreement shall in all cases be construed as a whole and given its fair meaning, and shall not be construed strictly for or against any Party as both sides participated in drafting.

29.   **Fees for Prevailing Party.** In the event of a breach of this Settlement Agreement, the prevailing party shall recover reasonable attorneys' fees.

30.   **Forum Selection.** WELCH and BIOREFERENCE agree that any suit, action or proceeding arising out of or relating to this Agreement shall only be instituted in the U.S. District Court for the Northern District of New York or any state court located in the State of New York, which courts shall have exclusive jurisdiction over such a suit, action or proceeding. Each party hereby irrevocably submits to the exclusive jurisdiction of such courts in any such suit, action or proceeding and waives any objection to jurisdiction by any such court.

31.   **Counterparts; Scanned Signatures.** This Agreement may be executed in any number of counterparts, or in different counterparts, any of which shall be deemed an original, but all of which together shall constitute one and the same agreement. A facsimile or electronically scanned signature on this Agreement shall have the same force and effect as an original signature.

32.   **Joint Drafting.** The Parties agree that they and their counsel participated in drafting this Agreement and, accordingly, any ambiguities contained in it shall not be construed against either Party.

33.   **Severability and Court Modification.** If any portion of this Agreement is determined to be illegal, unenforceable, or ineffective in a legal forum of competent jurisdiction, the Parties agree that the remaining provisions of this Agreement not declared invalid will continue in full force and effect. If any provisions, terms, clauses, waivers or releases in this Agreement are declared illegal, unenforceable, or ineffective in a legal forum of competent jurisdiction, such provisions, terms, clauses, waivers or releases shall be modified, if possible, in order to achieve, to the extent possible, the intentions of the Parties, without the need for additional consideration.

34.   **Entire Agreement.** This Agreement may not be modified or amended except through a written document executed by the Parties. This Agreement sets forth the entire agreement between the Parties, and fully supersedes any and all prior agreements or understandings between them pertaining to the same subject matter. Notwithstanding any other provision of this Agreement, this Agreement does not supersede the "Agreement Memorializing Confidentiality and Non-Disparagement Preferences" between WELCH and BIOREFERENCE.

**BY SIGNING THIS AGREEMENT, ERNESTINE NICOLE WELCH ACKNOWLEDGES THAT SHE DOES SO VOLUNTARILY AFTER CAREFULLY READING AND FULLY UNDERSTANDING EACH PROVISION AND ALL OF THE**

EFFECTS OF THIS AGREEMENT, WHICH INCLUDES A RELEASE OF KNOWN AND UNKNOWN CLAIMS AND A RESTRICTION ON FUTURE LEGAL ACTION AGAINST BIOREFERENCE AND OTHER RELEASED PARTIES.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed the foregoing Settlement Agreement and General Release on the dates indicated below.

DATE: 12.23.20          By: _Ernestine Nicole Welch_

ERNESTINE NICOLE WELCH

BIOREFERENCE LABORATORIES, INC.

DATE: 1/4/21          By: _____

Name: Jane Pino Ward
Title: VP, Legal

13

# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ERNESTINE NICOLE WELCH,<br><br>                      Plaintiff,<br><br>     v.<br><br>BIO-REFERENCE LABORATORIES INC.,<br><br>                      Defendant. | **ECF CASE**<br><br>Civil Action No. 1:19-cv-00846-BKS-DJS<br><br>**STIPULATION OF DISMISSAL WITH<br>PREJUDICE AND WITHOUT COSTS** |

THE MATTER in dispute having been amicably resolved, it is hereby stipulated and agreed by and between the undersigned that all claims asserted in the above-captioned case are hereby dismissed in their entirety with prejudice as against all parties and without costs against any party.

LAW OFFICE OF PATRICK SORSBY PLLC
1568 Central Avenue
Albany, New York 12205
Attorneys for Plaintiff
Ernestine Nicole Welch

By: _____
        PATRICK SORSBY

Dated: 12/23/2020

FAEGRE DRINKER BIDDLE & REATH LLP
1177 Avenue of the Americas, 41st Floor
New York, New York 10036
Attorneys for Defendant
BioReference Laboratories, Inc.

By: _____
        WILLIAM R. HORWITZ

Dated: _____



Albany P&DC 122
SAT 27 MAR 2021 PM

U.S. DISTRICT COURT
JOHN M. DOMURAD, CLERK
MAR 2 9 2021
RECEIVED

Northern District of
New York Clerk's office
445 Broadway albany
NY 12207-2936

P.O. Box 273
Hudson-NY 12534