

**William R. Horwitz**
william.horwitz@faegredrinker.com
973-549-7142 direct

Faegre Drinker Biddle & Reath LLP
1177 Avenue of the Americas, 41st Floor
New York, New York  10036
+1 212 248 3140 main
+1 212 248 3141 fax

faegredrinker.com

April 5, 2021

**VIA ECF**
The Honorable Brenda K. Sannes, U.S.D.J.
U.S. District Court, Northern District of New York
Federal Building and U.S. Courthouse
Post Office Box 7336
Syracuse, New York 13261-7336

      Re:    **Ernestine Welch v. BioReference Laboratories, Inc.**
               **Civil Action No. 1:19-cv-00846 (BKS)(DJS)**

Dear Judge Sannes:

      This firm represents defendant BioReference Laboratories, Inc. ("BioReference") in the above-referenced case.  Kindly accept this letter in opposition to the "Breach of Contract" Motion that plaintiff Ernestine Welch filed on March 16, 2021.  (ECF No. 44).

      By way of background, the parties reached a settlement of this case during a settlement conference.  At the conference, all parties were represented by counsel and the terms were entered on the record.  After the conference, Plaintiff cashed her settlement check, which had withholding taken out in accordance with the negotiated settlement terms.  After cashing the check, Plaintiff, now proceeding *pro se*, objected to the withholding taken from her settlement check.  (ECF No. 34).  In a "Report-Recommendation and Order" dated February 26, 2021, the Honorable Daniel J. Stewart, U.S.M.J., recommended that the Court deny her motion challenging the withholding.  (ECF No. 41) ("Report and Recommendation").

      Plaintiff now asks the Court to "REVERSE the dismissal of Plaintiff motion for tax damages done under the characterization of Severance pay rather than agreement of wages."  (*Id.* at p. 4).  She further states:  "I am asking the court to please overturn the decision based on the evidence provided and the terms of the contract."  (*Id.*).  Plaintiff is proceeding *pro se* (ECF No. 45) and the nature of her application is unclear.  However, the "decision" to which she refers appears to be Judge Stewart's Report and Recommendation.  (ECF No. 41).  Thus, it appears that Plaintiff is objecting to Judge Stewart's Report and Recommendation.

      Plaintiff's objection to the Report and Recommendation is untimely.  The Report and Recommendation stated clearly that, pursuant to 28 U.S.C. § 636(b)(1), represented parties had 14

Hon. Brenda K. Sannes, U.S.D.J.  -2-  April 5, 2021

days to raise objections and *pro se* parties had 17 days. (ECF No. 41). Thus, *pro se* Plaintiff's deadline to object was March 15, 2021. She did not file a timely objection. Instead, she filed her "Breach of Contract" Motion on March 16, 2021, after the deadline had passed. Therefore, her motion/objection should be denied as untimely.

In any event, in her "Breach of Contract" Motion, Plaintiff provides no new facts or any explanation as to why the Court should reject Judge Stewart's well-reasoned Report and Recommendation. Instead, she merely restates her previous contentions. BioReference relies on its previous submissions explaining why Plaintiff's contentions are meritless. (*See* ECF No. 38).

In sum, Plaintiff's "Breach of Contract" Motion is untimely and, in any event, meritless. BioReference respectfully requests that the Court deny the motion. Thank you for Your Honor's attention to this matter.

                                                Respectfully submitted,

                                                WILLIAM R. HORWITZ

cc:     Counsel of record (via ECF)
          Ernestine Welch, *pro se* (via Certified Mail, R/R/R)

126752356