UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ERNESTINE WELCH,

                              Plaintiff,                    1:19-cv-0846 (BKS/DJS)

v.

BIO-REFERENCE LABORTORIES, INC.,

                              Defendant.
_____

**Appearances:**

*For Plaintiff*:
Ernestine Welch, Pro se
Hudson, NY 12534

*For Defendant*:
William R. Horwitz, Esq.
Faegre Drinker Biddle & Reath LLP
600 Campus Drive
Florham Park, NJ 07932

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

Following her receipt of the settlement check in this employment discrimination case,[1] Plaintiff Ernestine Welch, acting pro se,[2] filed a letter requesting that the Court direct Defendant Bio-Reference Laboratories, Inc., her former employer, to restore the taxes it withheld from the

---

[1] Plaintiff filed a Complaint alleging employment discrimination in connection with her termination and alleging Defendant violated Title VII of the Civil Rights Act of 1964 ("Title VII"), *as amended*, 42 U.S.C. § 2000e *et seq.*, the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, the Genetic Information Nondiscrimination Act of 2008, 42 U.S.C. § 2000ff *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*. (Dkt. No. 1).

[2] Plaintiff was represented by Attorney Patrick Sorsby during much of the case and through settlement. Plaintiff now proceeds pro se.

settlement check it sent to her, explaining that she had not agreed that the settlement would be characterized as wages and subject to tax withholding. (Dkt. No. 34). Defendant opposed Plaintiff's letter request and filed a motion to seal "portions of its opposition" and "two settlement documents." (Dkt. Nos. 37, 38).

This matter was referred to United States Magistrate Judge Daniel J. Stewart, who had presided over the November 3, 2020 settlement conference during which the parties agreed to settle the case and placed the terms and conditions of the settlement on the record. (*See* Text Minute Entry, Nov. 3, 2020; Dkt. No. 44, at 2–14). Following the Court's referral of this matter, Magistrate Judge Stewart held a status conference regarding Plaintiff's letter request. At the conference:

> Plaintiff clarified that she understood that the settlement amount would be characterized as wages, but she objected to the amount of the withholding. She noted her belief that because the earning statement that she was provided by Defendant listed the settlement amount as "severance," *see* Dkt. No. 34, at p. 3, this resulted in greater withholding being made than would have been had the amount been characterized simply as wages.

(Dkt. No. 41, at 3; *see also* Dkt. No. 42, at 4–5 (transcript of February 16, 2021 Video Status Conference)).

On February 26, 2021, Magistrate Judge Stewart issued a Report-Recommendation and Order recommending that Plaintiff's "motion to set aside the settlement or direct the IRS to refund her withholdings" be denied and that Defendant's motion to seal be granted. (Dkt. No. 41, at 5). Magistrate Judge Stewart advised the parties that under 28 U.S.C. § 636(b)(1), they had fourteen days within which to file written objections to the report, and that the failure to object to the report within fourteen days would preclude appellate review. (Dkt. No. 41, at 6).

On March 16, 2021, Plaintiff filed a "Motion of Breach of Contract" objecting to the Report-Recommendation. (Dkt. No. 43). Defendant filed a response arguing that to the extent Plaintiff's motion raises objections to the Report-Recommendation, it is untimely, and, that it is, in any event, meritless. (Dkt. No. 48, at 1–2). Plaintiff has also objected to the sealing of settlement documents. (Dkt. No. 46).

## II.     STANDARD OF REVIEW

This Court reviews *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [report-recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (internal quotation marks omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920 at *2, 2011 U.S. Dist. LEXIS 95351, at *4 (S.D.N.Y. Aug. 25, 2011) (citation omitted). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id*.

## III.    DISCUSSION

### A.     Plaintiff's Motion to Reopen

Magistrate Judge Stewart construed Plaintiff's letter request regarding the tax consequences of the settlement payment as a motion to reopen under Federal Rule of Civil

3

Procedure 60(b).³ (Dkt. No. 41, at 1 (citing *Powell v. Omnicom*, 497 F.3d 124, 129 (2d Cir. 2007)). Magistrate Judge Stewart reviewed the record, including the transcript of the November 3, 2020 settlement conference during which: (1) the parties agreed that their settlement amount would be characterized as wages and that appropriate tax withholdings would be made; (2) Magistrate Judge Stewart questioned Plaintiff, who indicated that she understood the elements of the agreement; (3) the parties indicated their understanding "that a more formal written settlement agreement would be signed after the conference"; and (4) Magistrate Judge Stewart found Plaintiff was aware of the nature, terms, and consequences of the agreement and made a fully informed decision to enter the agreement. (Dkt. No. 41, at 2; Dkt. No. 44, at 12). Magistrate Judge Stewart noted that the settlement was memorialized in a written agreement, which Plaintiff signed, along with a W-4 withholding form to allow Defendant to "withhold the correct federal income tax" and which advised that completion was necessary "so that your employer can withhold the correct federal income tax from your pay." (Dkt. No. 41, at 2–3 (citing Dkt. No. 38, at 2, 5–6)). Magistrate Judge Stewart also observed that Plaintiff had cashed the settlement check, (Dkt. No. 42, at 3). Concluding that that the "settlement agreement . . . was entered into by the parties, with the benefit of their counsel, after the terms were fully explained both in writing and orally before the Court," Magistrate Judge Stewart found there was not "sufficient reason to set aside the settlement agreement." (Dkt. No. 1, at 4).

Magistrate Judge Stewart further observed that "[t]he 'severance' notation on the earnings statement complained of is not material because severance payments constitute wages

---

³ Given Plaintiff's pro se filing of her letter motion challenging the settlement agreement on January 4, 2021, (Dkt. No. 34), *before* the parties filed the stipulation of dismissal on January 12, 2021, (Dkt. No. 32), the Court has subject matter jurisdiction over Plaintiff's letter motion. *See, e.g.*, *McCalla v. Liberty Life Assurance Co. of Boston*, 839 F. App'x 651, 653–53 (Mar. 15, 2021) (concluding the district court had jurisdiction to consider motion to enforce settlement where motion was filed prior court's dismissal and termination of action).

4

for which employers are required to withhold taxes." (Dkt. No. 41, at 4 (citing *Bell v. United States*, 290 F. Supp. 3d 166, 170 (D. Conn. 2017)). Finally, Magistrate Judge Stewart noted that even if "excessive withholdings were made, a fact upon which there has been no showing at the present time, the remedy would be to request a refund from the IRS." (Dkt. No. 41, at 4). For all these reasons, and "in light of the voluntary, clear, explicit and unqualified settlement that was placed on the record," Magistrate Judge Stewart recommended that "Plaintiff's Letter-Motion to set aside or alter the settlement be denied." (Dkt. No. 41, at 2, 4–5).

The only specific objection Plaintiff raises concerns the following sentence in the Report-Recommendation: "On December 31, 2020, defense counsel sent the settlement checks to Plaintiff and her counsel." (Dkt. No. 43, at 4; *see* Dkt. No. 41, at 3). The pertinency of Plaintiff's objection is not immediately obvious, but construing her papers liberally, the Court concludes that Plaintiff is not taking issue with the accuracy of the above sentence, but is instead arguing that Magistrate Judge Stewart overlooked what the date Plaintiff first saw her settlement check revealed: namely, that Defendant attempted to conceal its characterization of the payment as severance from Plaintiff until after December 30, 2020, the date the settlement revocation period expired. (Dkt. No. 43, at 4). Indeed, Plaintiff has submitted a copy of her check, which identifies the "Earnings" as "Severance," and is dated December 9, 2020, indicating that Defendant had deemed the payment severance before the December 30, 2020 expiration of the revocation period. (Dkt. No. 34, at 3). Plaintiff argues that this establishes that Defendant was "aware of this character Severance pay" well before the December 30, 2020 expiration of the settlement agreement revocation period, but kept this from her until December 31, 2020, ensuring she could not revoke the settlement agreement. (Dkt. No. 43, at 4).

5

However, as Magistrate Judge Stewart observed, Plaintiff was informed that taxes would be withheld from the payment both at the November 3, 2020, settlement conference where the agreement was reached and in the settlement agreement. That Plaintiff was not aware that Defendant would categorize this payment as severance is immaterial because severance falls within the broad meaning of wages for tax purposes. *Gerstenbluth v. Credit Suisse Sec. (USA) LLC*, 728 F.3d 139, 143 (2d Cir. 2013) ("The definition of wages has been broadly construed: 'Remuneration for employment . . . constitutes wages even though at the time paid the relationship of employer and employee no longer exists between the person in whose employ the services were performed and the individual who performed them.'" (quoting Treas. Reg. § 31.3121(a)–1(i)); *see also id.* at 148 ("The severance payment, without more, would not likely transform the settlement payment into something other than 'wages.'")). And, to the extent Defendant withheld excess funds, Plaintiff's remedy is to seek a refund from the IRS. *Cunningham v. Blue Care Network of Michigan*, No. 07-cv-11666, 2007 WL 2651734, at *4, 2007 U.S. Dist. LEXIS 66214, at *11-12 (E.D. Mich. Sept. 7, 2007) (rejecting the plaintiff's argument that the defendant, her former employer, breached a settlement agreement regarding the plaintiff's termination, which required that the defendant "make appropriate tax withholdings as required by law," by deducting an excessive amount of federal withholding taxes; the court agreed with the defendant that "the excess deducted for withholding is insufficient to be considered a material breach and, in any event, Plaintiff has suffered no damages because she can easily request that the IRS refund this amount"). Accordingly, Plaintiff's objection is without merit. *See Powell*, 497 F.3d at 128 ("When a party makes a deliberate, strategic choice to settle, a court cannot relieve him of that a choice simply because his assessment of the consequences was

incorrect."). Further, the Court has reviewed the remainder of the Report-Recommendation with respect to Plaintiff's motion for clear error and finds none.

      B.      **Defendant's Motion to Seal**

Magistrate Judge Stewart recommended that the Court grant Defendant's request to seal portions of its response submissions, the settlement agreement, and the confidentiality agreement. (Dkt. No. 41, at 5). Plaintiff objects to sealing arguing that these documents play a "critical role" in the Court's evaluation of the pending motions. (Dkt. No. 47). The Court agrees. Other than referring to the parties' agreement that the settlement remain confidential, Defendant provides no reason that would provide a basis on which sealing of these judicial documents was justified. It simply asserts:

> In an Agreement Memorializing Confidentiality and Non-Disparagement Preferences (the "Confidentiality Agreement"), the parties agreed, pursuant to Section 5003-B of the New York Civil Practice Law and Rules and Section 5-336 of the New York State General Obligations Law, to keep the facts and circumstances underlying this lawsuit confidential. Therefore, BioReference seeks leave to redact from its public filing portions of its opposition discussing the facts and circumstances underlying the lawsuit.

(Dkt. No. 37, at 1). The Confidentiality Agreement states that it is "Welch's preference that, in connection with the resolution of the Action, the parties maintain confidentiality regarding the facts and circumstances underlying the Action." (Dkt. No. 43, at 19).

A presumption of public access attaches to "judicial documents," which are documents "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). As the terms of the settlement—with respect to the withholding provision—are relevant to the disposition of the present motion, the settlement documents are judicial documents. *See TECHGURU Consultants, Inc. v. Tech Guru LLC*, No.

16-cv-8777, 2021 WL 533507, at *1, 2021 U.S. Dist. LEXIS 27847, at *3 (S.D.N.Y. Feb. 12, 2021) ("Because this Court's ruling on the Motion to Reopen will rely in part on the Agreement, it is plainly a 'judicial document.'").

The Second Circuit has instructed that the weight of the presumption of public access given to judicial documents "is of the highest [and] 'should not remain under seal *absent the most compelling reasons.*'" *Lugosch*, 435 F.3d at 123 (2d Cir. 2006) (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)). Especially in light of the fact that Welch has made it clear that she no longer seeks confidentiality, the Court finds Defendant failed to show that the bargained-for confidentiality is a compelling reason sufficient to overcome the presumption of access to judicial documents in this case. *See TECHGURU*, 2021 WL 533507, at *2, 2021 U.S. Dist. LEXIS 27847, at *5 ("Although the parties agreed to keep the terms of the Agreement confidential, '[c]ourts in this District have long held that bargained-for confidentiality does not overcome the presumption of access to judicial documents.'" (quoting *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018)). Accordingly, Defendants' motions to seal are denied.

### IV.  CONCLUSION

For these reasons, it is

**ORDERED** that the Report-Recommendation (Dkt. No. 41) is accepted in part and rejected in part; and it is further

**ORDERED** that Plaintiff's Motion to Reopen and Set Aside the Settlement and Objections (Dkt. Nos. 34, 43) are **DENIED**; and it is further

**ORDERED** that Defendant's Motions to Seal (Dkt. Nos. 37, 46) are **DENIED;** and it is further

**ORDERED** that the Clerk is directed to unrestrict the documents filed in connection with Plaintiff's motion (Dkt. No. 44), and replace the redacted filings, (Dkt. No. 38), with the unredacted versions of those documents; and it is further

**ORDERED** that the Clerk serve a copy of this Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 10, 2021
Syracuse, New York

Brenda K. Sannes
U.S. District Judge