UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ERNESTINE WELCH,

       PLAINTIFF,                                                               (1:19-CV-0846)

V.



BIO-REFERENCE LABORTORIES, INC

       DEFENDANT.

Motion: Objections to Memorandum-Decision and order/ based on breach of contract.

Appearances:
For plaintiff:
Ernestine Welch, pro se
Hudson, NY 12534

For Defendant:
William R. Horwitz, esq.
Faegre Drinker Biddle & Reath LLP
600 Campus Drive
Florham Park, NJ 07932

Hon. Brenda K. Sannes, United States District Judge:

                                  BREACH OF CONTRACT

1. **INTRODUCTION**

    Ernestine Welch sued her former employer, Bio-Reference Laboratories, alleging that Bio-Reference violated Title VII of the Civil Rights Act of 1964 ("Title VII"), Employment discrimination case, A settlement conference was held on November 3, 2020 (DKT No. 30), between both parties, presided by Magistrate Judge Daniel J. Stewart. The parties came to a settlement agreement which both parties agreed to the terms and conditions of the settlement.

    On January 4, 2021 (DKT No. 34), Plaintiff raised disagreement argument over the Character of settlement check ("Severance pay"), and taxes withheld from check ($5,497.80) based on $14,000. On February 16, 2021( DKT No 40), a virtual hearing was held to address Plaintiff disagreement. The court pointed Plaintiff to seek IRS for over payment of taxes if any were taken.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

On March 12, 2021 ( DKT No. 43),  plaintiff sent Certified letter to court, which was received on March 16, 2021, addressing the court in regards to  defendants breach of contract based on settlement agreement. Court, again responded and denied Plaintiff motion for Breach of contract. The Court further advises Plaintiff to seek IRS for overpayment and agrees that Severance pay is wages (DKT No 49).  Transcript of proceedings before the Hon. Daniel J. Stewarts on Tuesday, November 3, 2020, only states " that Bio-Reference agrees to play---- to pay Ms. Welch $18,000, a settlement payment in the gross amount of $18,000, it will be less withholding as W-2 wages. Presumably, $4,000 of that portion to Plaintiff attorney for attorneys' fees " . No specific Character where ordered under wages to be given. Defendants choose what's best suited them. February 16, 2021 transcripts, support this theory. The defendants Attorney MR. Horwitz states on record that " for whatever reason some person internally at the company indicated severance".

Discussion:
IRS, Memorandum- Income and Employment Tax Consequences and Proper Reporting of Employment-related Judgments and Settlements states the following;
**Character of the payment and nature of the claim.**
"Whether a payment is includable in gross income and whether it is wages for purposes of employment taxes depend upon the character of the payment".
**Severance pay.**
Severance pay is a payment made by an employer to an employee upon the involuntary termination of employment. The right to receive severance pay and the amount of severance pay are usually based on the employee's length of service.
- **Plaintiff settlement amount was not based on her length of service with bio-reference, (2010-2018), 8 years of service or more ?.**

**Back pay.**
Back pay is compensation paid to an individual to compensate the individual for remuneration that would have been received up to the time of settlement or court award but for the employer's wrongful conduct. For example, back pay is awarded to an employee if the employee is illegally terminated by an employer, or to an applicant for employment who is not hired for illegal reasons. Under those circumstances, the back pay relates to a period when no services for the employer were performed. Certain federal statutes, e.g., Title VII of the Civil Rights Act of 1964, and Age Discrimination in Employment Act (ADEA) of 1967, specifically authorize the recovery of back pay as a remedy for unlawful agency conduct.
- **Plaintiff filed a complaint alleging employment discrimination in connection with her termination and alleging Defendant violated Title VII of the Civil Rights Act 1964 ("Title VII"), as amended, 42 U.S.C the American with Disabilities Act, and the Age Discrimination in Employment Act, 29 U.S.C (DKT No. 1), July 18, 2019.**
- **This supports the argument regarding settlement Character of back pay.**

Nature of the claim:
**Back Pay Act(5 U.S.C. 5596(b) (1).**
The Back Pay Act covers employees of federal government agencies and other employees of the federal government. Under the Back Pay Act, back pay is awarded to an employee who is found by the appropriate authority under applicable law, rule, regulation, or collective bargaining agreement to have

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

been affected by a wrongful personnel action that resulted in the withdrawal or reduction of all or part of the employee's pay, allowances, or differentials.

**Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, as amended by the Civil Rights Act of 1991, 42 U.S.C. 1981a.**

Title VII of the Civil Rights Act of 1964, as amended by Civil Rights Act of 1991, prohibits discrimination in employment based on race, color, sex, religion, and national origin, and provides for the award of back pay and attendant benefits, compensatory damages, compensation for emotional distress, and punitive damages.

**Statement of Issues:**

Plaintiff object to court order, to direct the IRS to refund my withholdings. The court further agrees that Severance pay is considered wages, and assembly the taxes withheld under severance tax laws are the correct withholding based on Plaintiff W-2. There is no burden of proof to argue with IRS, if the court agrees that severance pay is a considerable wage payment under Title VII discrimination employment law suit.

Severance pay is a contractual arrangement involves a legal agreement between both parties, that was never agreed upon, or was acknowledge in written or oral statement between both parties. This was a agreement made between Mr. Horwitz, and Bio-Reference. Plaintiff was never notified of this decision.

IRS tax law states, Severance payments are classified as "supplemental wages", which have their own tax policies.
Employers are required to withhold 22% of the severance wages and pay the money to the IRS.
Severance pay is taxable, employees and employers both pay a 6.2% Social Security tax and a 1.45% Medicare tax on a person's wages.
Under Severance pay plaintiff was subjected to withholding of $3,080.00 Federal Income tax, $868.00 Social Security tax, $203.00 Medicare tax, and $1,346.80 NY State Income tax, the Total of $5,497.80 deducted from $14,000.
Plaintiff submitted a W-4, and W-9 to defendants on 12-4-20 (see attach) which states filing status as Single.
According to IRS tax table, single based on $14,000 tax law withholding is 11% at $ 1, 486.00. See attach tax table, and professional proof from Helmedach &Young Inc. statement.

**BREACH OF CONTRACT;**

Plaintiff would have never signed the settlement agreement between both parties signed on 12-23-20, if she was aware it was settle under Severance pay. Defendants was fully aware of the check stating "Severance earnings" dated 12-09-20. Defendants failed to notify plaintiff in written before her revocation period on 12-30-20, Plaintiff became aware on 12-31-20, VIA email from plaintiff Attorney. Plaintiff immediately, reached out to her counsel about her disagreement VIA, email, which he responded by stating " I am out the office till midweek " (see attach). Plaintiff submitted a letter to the courts on January 4, 2021 in regards to Severance Character and tax withholdings. Plaintiff Counsel Patrick Sorsby, failed to investigate my allocations. Counsel failed to further assist Plaintiff while case was still officially open. Defendants filed on 01-12-21 to close case without prejudice (DKT No 32). Mr. Sorsby, notified the court in written on 01-12-21 in regards to non-representation on Plaintiff behalf.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

Mr. Sorsby, also notified Plaintiff VIA email, to have attach letter signed and Notarized taken him off the case. Plaintiff refused. (see attach email).
Severance pay Stipulation was not Characterized in the contract agreement signed, nor was it mention in the conference agreement held on November 3rd 2020, The defendants and counsel failed to notify me of this stipulation. They failed to share the breakdown of Severance pay before my revoke period.

The defendant's choose to make this decision without my knowledge. They withheld pertinent information pertaining to the contract agreement signed by all parties.

The court indicates that both parties understood the elements of the agreement, and a more formal written settlement agreement would be signed after conference.  Defendants based the settlement agreement on less applicable without stating the character,( Severance pay) at a high deductible tax rate. The terms were not fully explained both in writing or orally before the court, nor was it written in settlement contract.

The check was later cashed by Plaintiff, based on the court further investigation and the belief that funds would be recovered, due to the contract agreement.

The Breach of contract is not only based on excessive amount of federal withholdings taxes but is based on the Terms and Condition of contract which Plaintiff had stated in the letter to the court written on 3-16-2021.
On pages 10/ 11 of the signed contract agreement between both parties states the pertinent terms of agreement starting with paragraph No.21. **Review and Revocation Period**, Plaintiff had twenty-one days to consider the terms of the agreement. **Revocation Period**, seven days, which ended on 12-30-20.

No. 22 **Full Payment**, Welch further acknowledge and agrees that she has been paid and received all compensation, wages, bonuses, overtime payments, vacation pay, sick pay, commissions, equity grants and benefits to which she may have been entitled in connection with her employment with Bio-Reference. Plaintiff disagree with this term based on Severance pay character.

No. 23 **Knowing and Voluntary**, certifies that she has carefully read and fully understands all of the provisions and effects of this agreement and discuss all aspects of this agreement with her attorney. All aspects was not provided in contract, their was unknown knowledge, can't asked if it's not writing in terms.

No. 24, **Unknown Facts**, Welch is acknowledging that she has full knowledge of any and all rights she may have assuming the risk of any mistake in fact in connection with the true facts involved, or with regard to any facts that are now unknown to her. Bio-Reference is making the same acknowledgment and assuming the same risk. Plaintiff was not aware of Severance pay, until after plaintiff revocation period. Welch was never informed about the high tax deduction. Defendants was already aware of this tax deduction on 12-09-20, before plaintiff signed settlement contract on 12-23-20.

No. 25 **Adequate Consideration,** Welch's agrees that she is receiving full and fair consideration for all agreements, promises, and representations, contained in this agreement., Plaintiff  Object to this term,

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

Severance pay was a surprise payment to plaintiff, Plaintiff was not given Adequate time to revoke the agreement of Severance pay wages. Defendants was not fair or consideration on this agreement.

The five requirements for creating a valid Contract are an offer, acceptance, consideration, competency and legal intent. Plaintiff was not in a acceptance of Severance pay for this contract to be binding. The defendants failed to meet their contracted obligations.

**Due to this Breach,**
- Plaintiff have suffered economic losses, due to the excessive taxes taken.
- Plaintiff have suffered from a Material breach of contract. Plaintiff received less benefits, and significantly different results than what was specified in the contract. (Unknown factors).
- Plaintiff have spent time and money, countless long days and hours on phone with IRS, spent money on transcript, copies, and time spent seeking professional help to prove damages.
- Plaintiff had to pursue case pro se, loss of Attorney going forward.

## Conclusion

**Contracts-** Legally binding agreement between people or business entities- serve as the foundation of a business as well as many social interaction. Defendants failed on communication of the contract agreement, the defendants practice in bad faith or promise based on the terms and condition of contract.

Based on the forgoing, plaintiff is asking the U.S. District court to look into the tax damages that the defendants committed, consider the terms and conditions of the legally binding contract all parties signed and agreed to. For the reasons set forth above, plaintiff respectfully request that the court pinpoint the correct character that should have been provided for this case due to the different characteristics of wages based on tax brackets. Defendants choose Severance pay and admitted on record they did, but failed to consult with court and plaintiff on their consideration before actions where taken. The contracts states that plaintiff will knowingly, all the provisions and effects of this agreement, they failed on this term and many more terms of the settlement contract. At this point I am asking the court to reward plaintiff for the further damages based on Compensatory damages, Liquidated damages, and Punitive damages, economic damages based on the Material breach of contract or breach of contract.

I am asking the court to please overturn the decision based on the evidence provided and the terms and conditions of the contract.

I look forward to hearing from you soon, thanks for your time and consideration on this matter. Any questions please feel free to contact me for any questions at the above address or at 518-772-8921.

Sincerely,

*Ernestine Welch*
Ernestine Welch
June 04, 2021