## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This SETTLEMENT AGREEMENT AND GENERAL RELEASE ("Agreement") is made and entered into by and between ERNESTINE NICOLE WELCH ("WELCH") and BIOREFERENCE LABORATORIES, INC. ("BIOREFERENCE"). In this Agreement, WELCH and BIOREFERENCE may each be referred to as a "Party" and collectively as the "Parties."

WHEREAS, WELCH is a former BIOREFERENCE employee;

WHEREAS, a dispute between the Parties has arisen from BIOREFERENCE's employment of WELCH, which dispute is the subject of a lawsuit pending in the United States District Court for the Northern District of New York titled Ernestine Welch v. Bio-Reference Laboratories Inc., Civil Action No. 1:19-cv-00846-BKS-DJS (the "Action");

WHEREAS, BIOREFERENCE denies that it violated any law or took any unlawful or inappropriate action toward WELCH or with regard to her employment or the termination of her employment, or that she was otherwise subjected to discrimination, harassment or retaliation, or that she is entitled to recover any economic or non-economic damages or any other relief as alleged in the Complaint or the Amended Complaint filed in the Action;

WHEREAS, WELCH and BIOREFERENCE negotiated a settlement of the Action during a Court Conference with the Honorable Daniel J. Stewart, U.S.M.J., on November 3, 2020; and

WHEREAS, WELCH and BIOREFERENCE wish to avoid the risks and costs of litigation and instead amicably resolve the Action and all outstanding disputes and issues between them and other Released Parties (defined in Section 7(a) below) subject to the terms and conditions set forth in this Agreement.

NOW, THEREFORE, in consideration of the mutual promises contained in this Agreement, the adequacy of which consideration WELCH and BIOREFERENCE each acknowledges, and intending to be legally bound, WELCH and BIOREFERENCE agree as follows:

1.  **Dismissal with Prejudice.** The Parties agree that the Action shall be dismissed with prejudice and without costs against any Party promptly after the Settlement Amount (defined in Section 2(a)) is paid. WELCH hereby authorizes her counsel, Patrick Sorsby of the Law Office of Patrick Sorsby PLLC, to execute and return to counsel for BIOREFERENCE for filing a "Stipulation of Dismissal With Prejudice and Without Costs" in the form attached to this Agreement as Exhibit A and to take any additional steps necessary to terminate the Action. WELCH agrees that her counsel will execute and return the "Stipulation of Dismissal With Prejudice and Without Costs" to counsel for BIOREFERENCE within five (5) calendar days after the date on which WELCH executes this Agreement. Following the expiration of the revocation period described in Section 21(b), provided that WELCH does not revoke the Agreement during that period, counsel for BIOREFERENCE will countersign the "Stipulation of Dismissal With Prejudice and Without Costs" on behalf of BIOREFERENCE, and file it with the Court, dismissing the Action.

2.   **Settlement Payment.**

    a.   **Settlement Amount.** Provided that WELCH and her counsel timely execute this Agreement and WELCH complies with her obligations under the Agreement, BIOREFERENCE shall issue a one-time payment to WELCH in the total gross amount of eighteen thousand dollars ($18,000) (the "Settlement Amount"), less applicable withholding.   The Settlement Amount shall constitute the entire payment from BIOREFERENCE for:  (1) the full and final settlement of the Action including, without limitation, claims for attorneys' fees and costs; and (2) all agreements, promises and representations contained in the Agreement.  The Settlement Amount shall be paid as follows:

        i.   Provided that WELCH provides counsel for BIOREFERENCE with a completed IRS Form W-4 by no later than the date on which this Agreement is fully executed, BIOREFERENCE shall issue to WELCH a check payable to "ERNESTINE NICOLE WELCH" in the gross amount of fourteen thousand dollars ($14,000), less applicable withholding. BIOREFERENCE will issue an IRS Form W-2 to WELCH in connection with this payment.

        ii.   Provided that WELCH and the Law Office of Patrick Sorsby PLLC each provides counsel for BIOREFERENCE with a completed IRS Form W-9 by no later than the date on which this Agreement is fully executed, BIOREFERENCE shall issue to WELCH's counsel a check payable to "The Law Office of Patrick Sorsby PLLC" in the gross amount of four thousand dollars ($4,000) for attorneys' fees and costs.  BIOREFERENCE will issue an IRS Form 1099 to WELCH and the Law Office of Patrick Sorsby PLLC in connection with this payment.  This payment is for attorneys' fees.

    b.   **Timing.** Provided that WELCH timely executes this Agreement and returns it to counsel for BIOREFERENCE, BIOREFERENCE shall issue the Settlement Amount within thirty (30) calendar days after the later of:  (1) the expiration of the revocation period described in Section 21(b), provided that WELCH does not revoke the Agreement during that period; (2) the date on which counsel for BIOREFERENCE receives the "Stipulation of Dismissal With Prejudice and Without Costs," executed by WELCH's counsel (Exhibit A); (3) the date on which counsel for BIOREFERENCE receives WELCH's completed IRS Form W-4; or (4) the date on which counsel for BIOREFERENCE receives The Law Office of Patrick Sorsby PLLC's completed IRS W-9.

3.   **Attorneys' Fees.** As set forth in Section 2(a) of this Agreement, the Settlement Amount includes payment to the Law Office of Patrick Sorsby PLLC and is intended to constitute payment in full for all attorneys who played any role in representing the interests of WELCH in connection with the Action including, but not limited to, Patrick Sorsby. BIOREFERENCE is not aware of any attorneys other than the Law Office of Patrick Sorsby PLLC having represented WELCH in connection with the Action and WELCH acknowledges

and agrees that no other attorneys have done so. WELCH agrees to indemnify and hold BIOREFERENCE and the Released Parties harmless from any claims or demands for fees or compensation (in excess of the attorneys' fees included in the Settlement Amount) sought by any attorneys who have represented her in connection with the Action or any related matter (including, but not limited to, the Verified Complaint she filed in the New York State Division of Human Rights).

4.    **Tax Consequences.** WELCH agrees to pay any and all taxes found to be owed in connection with the payment of the Settlement Amount and to indemnify and hold BIOREFERENCE and the Released Parties harmless from any claims, assessments, demands, penalties and interest owed, or found to be owed, as a result of that payment. In the event it is determined that any monies are due and owing to any government or governmental agency with respect to the Settlement Amount, those monies shall be the sole responsibility of WELCH and shall not affect the validity of this Agreement in any way.

5.    **Arm's-Length Negotiations.** WELCH and BIOREFERENCE arrived at the settlement memorialized in this Agreement through arm's-length negotiations, taking into account all relevant factors, past, present and potential, and they believe in good faith that the terms of this Agreement are fair, adequate and reasonable.

6.    **Non-Admission.** BIOREFERENCE denies that it has wronged or harmed WELCH in any way and further denies that any action taken with respect to her hiring, employment, leaves of absence, compensation or termination was in any way wrongful or unlawful. It is understood and agreed that, by entering into this Agreement, BIOREFERENCE in no way admits any wrongdoing by reason of the matters alleged in the Action or by reason of any other matter. This Agreement is not, and shall not be construed as, an admission by BIOREFERENCE or any of BIOREFERENCE's current or former directors, officers, employees, representatives or agents, of any unlawful or improper conduct toward WELCH or anyone else.

7.    **Release of Claims by WELCH.**

a.    **The "Released Parties."** For purposes of this Agreement, "Released Parties" means BIOREFERENCE and all of BIOREFERENCE's predecessors, successors, assigns, parents, subsidiaries, operating companies, affiliates, contractors, insurers, and directors (including, without limitation, OPKO Health, Inc.); and all of their respective current and former officers, members, employees, attorneys, representatives and agents (including, without limitation, Jean Voght and Terri Tucker).

b.    **Waiver/Release.** In consideration of the benefits provided in this Agreement and intending to be legally bound, and except for the rights and obligations arising under this Agreement, WELCH hereby releases the Released Parties from any and all complaints, charges, liabilities, damages, punitive damages, emotional distress damages, claims, causes of action, lawsuits, fines, penalties, interest and expenses (including attorneys' fees and costs), of any nature whatsoever, whether asserted or unasserted, known or unknown, that WELCH ever had or now has against BIOREFERENCE or any of the other

3

Released Parties that arose at any time up to the date of this Agreement. For clarity, and not by way of limitation, the Parties confirm that, pursuant to this Section 7(b) and to the fullest extent permitted by law, WELCH is releasing BIOREFERENCE and the other Released Parties from any and all claims: (1) that she asserted or could have asserted in the Action; (2) that arise out of or relate to WELCH's employment by BIOREFERENCE or the termination of that employment; (3) for commissions, wages, bonuses, fees or compensation of any kind; (4) for disability and race discrimination, and discrimination based on any other actual or perceived characteristic; (5) for failure to accommodate any actual or perceived disability; (6) for interference with any leave of absence; (7) for harassment, hostile work environment and retaliation; (8) for discrimination based on a criminal conviction or record; (9) that arise out of any common law, tort or equitable principle; and (10) that arise under any federal, state or local statute, regulation or ordinance including, without limitation:

→ **Federal Laws, such as:**

- The Age Discrimination in Employment Act
- The Older Workers Benefit Protection Act
- Title VII of the Civil Rights of 1964;
- Sections 1981 through 1988 of Title 42 of the United States Code;
- The Civil Rights Act of 1991;
- The Equal Pay Act;
- The Americans with Disabilities Act;
- The Rehabilitation Act;
- The Employee Retirement Income Security Act;
- The Worker Adjustment and Retraining Notification Act;
- The Fair Labor Standards Act;
- The National Labor Relations Act;
- The Fair Credit Reporting Act;
- The Occupational Safety and Health Act;
- The Uniformed Services Employment and Reemployment  Act;
- The Employee Polygraph Protection Act;
- The Immigration Reform Control Act;
- The Family and Medical Leave Act;
- The Genetic Information Nondiscrimination Act;
- The Federal False Claims Act;
- The Patient Protection and Affordable Care Act;
- The Consolidated Omnibus Budget Reconciliation Act;
- The Lilly Ledbetter Fair Pay Act; and

→ **State and Municipal Laws, such as:**

- The New York State Human Rights Law; the New York State Executive Law; the New York State Civil Rights Law; the New York State Whistleblower Law; the New York State Legal

4

Recreational Activities Law; the retaliation provisions of the New York State Workers' Compensation Law; the New York Labor Law; the New York State Worker Adjustment and Retraining Notification Act; the New York State False Claims Act; the New York State Wage and Hour Laws; the New York State Equal Pay Law; the New York State Rights of Persons with Disabilities Law; the New York State Nondiscrimination Against Genetic Disorders Law; the New York State Smokers' Rights Law; the New York AIDS Testing Confidentiality Act; the New York Genetic Testing Confidentiality Law; the New York Discrimination by Employment Agencies Law; the New York Bone Marrow Leave Law; the New York Adoptive Parents Child Care Leave Law; the New York State Paid Family Leave Law; the New York City Human Rights Law; the New York City Administrative Code; the New York City Earned Safe and Sick Time Act; and the New York City Charter; and

○ The New Jersey Law Against Discrimination; the New Jersey Discrimination in Wages Law; the New Jersey Temporary Disability Benefits and Family Leave Insurance Law; the New Jersey Domestic Partnership Act; the New Jersey Conscientious Employee Protection Act; the New Jersey Family Leave Act; the New Jersey Wage Payment Act; the New Jersey Equal Pay Law; New Jersey's Diane B. Allen Equal Pay Act; the New Jersey Occupational Safety and Health Law; the New Jersey False Claims Act; the New Jersey Smokers' Rights Law; the New Jersey Genetic Privacy Act; the New Jersey Fair Credit Reporting Act; the New Jersey Emergency Responder Leave Law; the New Jersey Millville Dallas Airmotive Plant Job Loss Notification Act (a/k/a the New Jersey WARN Act); the New Jersey Security and Financial Empowerment Act; the New Jersey Earned Sick Leave Law; New Jersey's Jake Honig Compassionate Use Medical Cannabis Act; and the retaliation provisions of the New Jersey Workers' Compensation Law.

c. **Waiver of Amendments.** WELCH also releases all claims under any and all amendments to any of the above laws and releases claims for violations of any other federal, state or local law, regulation or ordinance, and contract or implied contract or tort law or public policy or whistleblower claim having any bearing whatsoever on WELCH's hiring, leaves of absence, employment or compensation, or the termination of her employment.

d. **Broad Scope of the Release.** This release is intended to be as broad as legally permissible and applies to both employment-related and non-employment-related claims up to the time that WELCH executes this Agreement. This release includes a waiver of jury trials and non-jury trials. This Agreement does not release or waive claims or rights that, as a matter of law, cannot be waived.

5

e. **False Claims Act.** Except as otherwise provided in Section 10, WELCH also releases and waives any and all claims for personal gain under the New York False Claims Act, the New Jersey False Claims Act and the Federal False Claims Act.

f. **Withdrawal of Pending Actions.** WELCH represents that, other than the Action, she has not commenced and, to her knowledge, is not a party to any action against BIOREFERENCE or the Released Parties (or any of them) in any state or federal court or in arbitration. Pursuant to the terms of this Agreement, she agrees to promptly dismiss the Action with prejudice by having her attorney execute and return the "Stipulation of Dismissal With Prejudice and Without Costs" (in the form attached as Exhibit A).

g. **Waiver of Recovery.** WELCH acknowledges and agrees that, except as otherwise provided in Section 10, she is waiving any relief available to her (including, without limitation, monetary damages, equitable relief and reinstatement) under any of the claims and causes of action waived in this Agreement.

h. **No Outstanding Claims.** WELCH represents that, other than the Action, there are no outstanding civil, criminal or administrative charges, complaints, claims, grievances or actions of any nature whatsoever previously filed or brought by her or on her behalf against any of the Released Parties pending before any federal, state, local or administrative court or agency or in arbitration as of the date on which she signs this Agreement.

i. **Exceptions.** Nothing contained in this Section 7 is intended to release claims: (1) arising after the date on which WELCH executes this Agreement; or (2) that may not be released as a matter of law.

8. **WELCH's Covenant Not to Sue.** Except as otherwise provided in Section 10, WELCH agrees that neither she nor any person or entity on her behalf shall commence, maintain or prosecute any lawsuit or other court action of any kind against any of the Released Parties with respect to any act, omission or other matter released by Section 7.

9. **Class Action / Collective Action Waiver.** WELCH agrees not to sue or otherwise bring any legal action against BIOREFERENCE or any of the other Released Parties ever for any claims released in Section 7 arising before WELCH executes this Agreement. WELCH is not only waiving any right she may have to proceed individually, but also as a member of a class or collective action. In the event that WELCH receives notice of a class or collective action against the Released Parties for claims arising before she executes this Agreement, WELCH must "opt out" of and may not "opt in" to such action. WELCH is also giving up any right she may have to recover any relief from the Released Parties as a member of a class or collective action with respect to claims arising before she executes this Agreement.

10. **Exceptions to Release of Claims and Covenant Not to Sue.** In Sections 7, 8 and 9, WELCH releases claims and agrees not to sue, but there are exceptions to these

6

commitments. Specifically, nothing in this Agreement prevents WELCH from bringing a legal action or otherwise taking steps to:

- Enforce the terms of this Agreement; or

- Challenge the validity of this Agreement; or

- Make any disclosure of information required by law; or

- Provide information to, testify before or otherwise assist in any investigation or proceeding brought by, any regulatory or law enforcement agency or legislative body, any self-regulatory organization, or the Released Parties; or

- Provide truthful testimony in any forum; or

- Cooperate fully and provide information as requested in any investigation by a governmental agency or commission; or

- File a charge or complaint with the Equal Employment Opportunity Commission, the National Labor Relations Board, the Occupational Safety and Health Administration, the Securities and Exchange Commission or any other federal, state or local governmental agency or commission ("Government Agencies"); or

- File a lawsuit or other action to pursue claims that arise after WELCH executes this Agreement.

For purposes of clarity, this Agreement does not limit the ability of WELCH to communicate with any Government Agencies or otherwise participate in any investigation or proceeding that may be conducted by any Government Agency, including providing documents or other information, without notice to BIOREFERENCE. This Agreement does not limit any right of WELCH to receive an award for information provided to any Government Agency.

11. **No Future Employment with or Retention by BIOREFERENCE.** WELCH agrees that she will not, at any time in the future, directly or indirectly, seek or accept employment with or retention by BIOREFERENCE or any of the other Released Parties. WELCH further acknowledges that BIOREFERENCE and the other Released Parties are entitled to reject without cause any application for employment or retention she has made or may make and that each of those entities expressly reserves the right to terminate her employment or other relationship in the event she is employed or retained, either directly or indirectly. Should WELCH seek employment or retention in violation of this Agreement and be inadvertently hired or retained by an agent or employee who has no knowledge of this Agreement, this Agreement shall constitute a legitimate and valid reason to terminate WELCH's employment or retention. WELCH understands and agrees that any failure to hire or retain her or any termination of her employment or retention will be the result of this Agreement, which shall be presumed to be a legitimate, non-discriminatory and non-retaliatory reason for such action, and she will lack any basis for pursuing any legal claims.

7

12.    **Neutral Job References.** Provided that WELCH directs reference inquiries from potential employers to Jeanne Calton, Director, Human Resources Business Partner (BioReference Laboratories, Inc., 481 Edward H. Ross Drive, Elmwood Park, New Jersey 07407 / e-mail: JCalton@BioReference.com), BIOREFERENCE will provide prospective employers with:    (1) WELCH's dates of employment; and (2) WELCH's last position held. BIOREFERENCE reserves the right to respond truthfully to any compulsory process of law (such as a subpoena) or as otherwise required by law.

13.    **No Cooperation.**  Except as otherwise required by law, including without limitation pursuant to a lawfully issued subpoena, WELCH agrees not to provide any documents or information to, or otherwise knowingly assist, any non-government private individual or entity with any allegations, demands or legal actions of any nature against BIOREFERENCE or any of the Released Parties.

14.    **Return of BIOREFERENCE Property.**  WELCH represents that she is not in possession of any property owned by BIOREFERENCE and that, if she discovers that she is in possession of such property, she will return it to BIOREFERENCE immediately.

15.    **Notice of Subpoenas.**  If WELCH is subpoenaed or otherwise compelled to give testimony or provide documentation on matters covered by this Agreement, she agrees to notify counsel for BIOREFERENCE, William R. Horwitz, Esq., Faegre Drinker Biddle & Reath LLP, 1177 Avenue of the Americas, 41st Floor, New York, New York 10036, and, provided that no Court Order or Administrative Order issued by a regulatory government agency expressly prohibits WELCH from doing so, advise Mr. Horwitz of the circumstances relating to the subpoena or other notice by no later than three (3) calendar days after receiving the subpoena or other notice.

16.    **Agreement Not to be Considered or Used as Evidence.**  The Parties agree that this Agreement shall not be offered, used or considered as evidence in any proceeding of any type against or involving WELCH and BIOREFERENCE or any of the Released Parties, except to the extent necessary to enforce the Agreement's terms, or as otherwise required by law.

17.    **Dismissal of Action.**  WELCH agrees and understands that, notwithstanding anything to the contrary contained in this Agreement, the terms of this Agreement shall not take effect unless and until she returns the executed Agreement and "Stipulation of Dismissal With Prejudice and Without Costs" to counsel for BIOREFERENCE.    After the Stipulation of Dismissal is filed with the Court by counsel for BIOREFERENCE, if any additional steps are necessary to achieve dismissal of the Action with prejudice, then WELCH and BIOREFERENCE agree to take all such steps.

18.    **Confidentiality of Settlement Terms.**  Except as otherwise provided in Section 10 or 20 or by applicable law, WELCH represents that she will keep the terms of Section 2 of this Agreement completely confidential and shall not disclose, publish, publicize, disseminate or refer in any way to such information. She further agrees that she will not publish, attempt to publish or otherwise disclose such information in any manner including, but not limited to, in casual conversation or correspondence, on Internet websites, through social media or via any media outlet or organization, by reference to the docket, or anonymously. The intent of this provision is to protect from disclosure to the greatest degree possible information relating to the

8

terms of Section 2. Notwithstanding any provision to the contrary in this Agreement, WELCH may disclose the terms of Section 2 to her spouse, her tax advisor and her attorneys provided that they all agree to treat such information confidentially and that a disclosure by any of them (including by the Law Office of Patrick Sorsby PLLC) shall constitute a disclosure by WELCH in violation of this Agreement. Except as otherwise provided in this Section 20, if WELCH is asked about the Action or the resolution of the Action, she may state only, "The matter has been resolved," and may not otherwise disclose information. Neither WELCH nor anyone acting on her behalf (including, but not limited to, the Law Office of Patrick Sorsby PLLC) will file or publish the Agreement, excerpts from the Agreement or terms of the Agreement on any public docket or permit any such information to be included as part of any public transcript, report, minutes or record. The Parties agree that this Section 20 is a material term of the Agreement and that, in the event of a violation, BIOREFERENCE shall be entitled to any and all relief available in law or equity including, but not limited to, injunctive relief (without posting a bond).

19.    **Confidentiality of Facts and Circumstances; Non-Disparagement.**  WELCH previously memorialized, in an "Agreement Memorializing Confidentiality and Non-Disparagement Preferences," her preference to include the provisions set forth below in this Agreement:

        a.  **Confidentiality of Facts and Circumstances.**  Except as otherwise provided in Section 10 or 20 or by applicable law, WELCH and BIOREFERENCE agree that they will not, directly or indirectly, disclose the facts and circumstances underlying the Action in any manner including, but not limited to, in casual conversation or correspondence, on Internet websites, through social media or via any media outlet or organization.  WELCH and BIOREFERENCE agree that this Settlement Agreement bars both anonymous and attributed reporting and prohibits referral to the Action's docket by WELCH or BIOREFERENCE or her or its attorneys or anyone else associated with those attorneys (including the attorneys' law firms).

        b.  **Non-Disparagement by WELCH.**  Except as otherwise provided by law, WELCH agrees that she will not, through any medium including, but not limited to, the press, Internet or any other form of communication, disparage, defame, or otherwise damage or assail the reputation, integrity or professionalism of BIOREFERENCE or the other Released Parties. Nothing in this Section 19 is intended to restrict or impede WELCH's participation in proceedings or investigations brought by or before the Equal Employment Opportunity Commission or the National Labor Relations Board, or any other federal, state or local government agencies, or otherwise restrict or impede WELCH from exercising protected rights under Section 7 of the National Labor Relations Act or rights that cannot be waived by agreement.

        c.  **Non-Disparagement by BIOREFERENCE.**  Except as otherwise provided by law, BIOREFERENCE will make good faith efforts to ensure that members of its executive management who have knowledge of the Action will not communicate or publish, directly or indirectly, any disparaging comments or information about WELCH to any third party (other than financial, legal and business advisors).

9

20.     **Exceptions to Confidentiality.**  Nothing in this Agreement shall prohibit or in any way restrict WELCH from reporting possible violations of law to a governmental agency or entity.  WELCH is not required to inform BIOREFERENCE regarding any such report.  Nothing prevents WELCH from disclosing the facts and circumstances underlying the Action to her spouse, provided that the spouse agrees to comply with the confidentiality obligations set forth in Sections 18 and 19, and that a disclosure by the spouse in violation of this Settlement Agreement shall constitute a disclosure by WELCH in violation of this Settlement Agreement.  Nothing in Section 19(a) is intended to prohibit WELCH from disclosing facts and circumstances underlying the Action to the limited extent necessary to file and pursue legal claims against the New York State Department of Corrections and Community Supervision.

In accordance with the New Jersey Law Against Discrimination Non-Disclosure Provision Statement (N.J.S.A. § 10:5-12.8):

> **ALTHOUGH THE PARTIES MAY HAVE AGREED TO KEEP THE SETTLEMENT AND UNDERLYING FACTS CONFIDENTIAL, SUCH A PROVISION IN AN AGREEMENT IS UNENFORCEABLE AGAINST THE EMPLOYER IF THE EMPLOYEE PUBLICLY REVEALS SUFFICIENT DETAILS OF THE CLAIM SO THAT THE EMPLOYER IS REASONABLY IDENTIFIABLE.**

21.     **Review and Revocation Periods.**

a.  **Review Period.**  WELCH acknowledges that she has **twenty-one (21) calendar days** to consider the terms of this Agreement, although she may sign it sooner if she chooses to do so.

b.  **Revocation Period.**  WELCH shall have **seven (7) calendar days** after the date on which she executes this Agreement to revoke it by delivering notice of her desire to revoke to counsel for BIOREFERENCE, William R. Horwitz, Esq., Faegre Drinker Biddle & Reath LLP, 1177 Avenue of the Americas, 41st Floor, New York, New York 10036 (e-mail address: william.horwitz@faegredrinker.com), before the end of such seven-day period.  In the event of revocation by WELCH, this Agreement shall be null and void and BIOREFERENCE will not make any settlement payments to WELCH.  BIOREFERENCE will not make any settlement payments before the eighth (8th) day after WELCH executes this Agreement and returns it to counsel for BIOREFERENCE, and does not revoke it.

22.     **Full Payment.**  WELCH acknowledges that the Settlement Amount is more than any money or benefits that she was otherwise promised or is otherwise entitled to receive under any policy, plan, handbook or practice of BIOREFERENCE.  WELCH further acknowledges

10

and agrees that she has been paid and received all compensation, wages, bonuses, overtime payments, vacation pay, sick pay, commissions, equity grants and benefits to which she may have been entitled in connection with her employment with BIOREFERENCE and that no other compensation, wages, bonuses, overtime payments, vacation pay, sick pay, commissions equity grants or benefits are due to her.

23.     **Knowing and Voluntary.** WELCH certifies that she has carefully read and fully understands all of the provisions and effects of this Agreement; that she has been advised, through this Section 23, to consult and thoroughly discuss all aspects of this Agreement with her attorney; that she has reviewed this Agreement with her attorneys, the Law Office of Patrick Sorsby PLLC, that she is voluntarily entering into this Agreement; and that neither BIOREFERENCE nor any of the other Released Parties have made any representations concerning the terms or effects of this Agreement other than those contained in the Agreement.

24.     **Unknown Facts.** By signing this Agreement, WELCH is acknowledging that she has full knowledge of any and all rights she may have and is assuming the risk of any mistake in fact in connection with the true facts involved, or with regard to any facts that are now unknown to her. BIOREFERENCE is making the same acknowledgment and assuming the same risk.

25.     **Adequate Consideration.** WELCH agrees that she is receiving full and fair consideration for all agreements, promises, and representations contained in this Agreement. More specifically, WELCH agrees that the Settlement Amount that BIOREFERENCE is paying pursuant to this Agreement constitutes more than adequate consideration to support the Releases of Claims and Covenants Not to Sue that WELCH is providing to BIOREFERENCE (and the other Released Parties) and the other promises that WELCH is making under the Agreement.

26.     **WELCH's Prior Disclosures.** WELCH acknowledges that, prior to her last date of employment with BIOREFERENCE, she disclosed to BIOREFERENCE, in accordance with applicable policies and procedures, any and all information relevant to any investigation of BIOREFERENCE's business practices conducted by any governmental agency or to any existing, threatened or anticipated litigation involving BIOREFERENCE, whether administrative, civil or criminal in nature and that WELCH is otherwise unaware of any wrongdoing committed by any current or former employee of BIOREFERENCE that has not been disclosed. Nothing in this Agreement shall prohibit or restrict WELCH from testifying, participating in or otherwise assisting in a proceeding relating to an alleged violation of the Sarbanes-Oxley Act of 2002, the Dodd-Frank Wall Street Reform and Consumer Protection Act, any federal, state or municipal law relating to fraud, or any rule or regulation of any self-regulatory organization.

27.     **WELCH's Medicare Beneficiary Representation.** WELCH warrants that she is not enrolled in Medicare as of the date of this Agreement and, therefore, no conditional payments have been made by Medicare. WELCH will indemnify, defend and hold the Released Parties harmless from any and all claims, liens (including bankruptcy liens), bankruptcy court objections and challenges, Medicare conditional payments and rights to payment, known or unknown, with respect to the Settlement Amount or the claims asserted in the Action. This settlement is based upon a good faith determination of the Parties to resolve a disputed claim. The Parties have not shifted responsibility of medical treatment to Medicare in contravention of 42 U.S.C. § 1395y(b). The Parties resolved this matter in compliance with both state and federal

11

law. The Parties made every effort to adequately protect Medicare's interest and incorporate such into the settlement terms.

28. **Construction of the Agreement.** This Agreement is made and entered into in the State of New York and shall in all respects be interpreted and enforced according to the laws of New York without regard to conflict of laws principles. The language of this Agreement shall in all cases be construed as a whole and given its fair meaning, and shall not be construed strictly for or against any Party as both sides participated in drafting.

29. **Fees for Prevailing Party.** In the event of a breach of this Settlement Agreement, the prevailing party shall recover reasonable attorneys' fees.

30. **Forum Selection.** WELCH and BIOREFERENCE agree that any suit, action or proceeding arising out of or relating to this Agreement shall only be instituted in the U.S. District Court for the Northern District of New York or any state court located in the State of New York, which courts shall have exclusive jurisdiction over such a suit, action or proceeding. Each party hereby irrevocably submits to the exclusive jurisdiction of such courts in any such suit, action or proceeding and waives any objection to jurisdiction by any such court.

31. **Counterparts; Scanned Signatures.** This Agreement may be executed in any number of counterparts, or in different counterparts, any of which shall be deemed an original, but all of which together shall constitute one and the same agreement. A facsimile or electronically scanned signature on this Agreement shall have the same force and effect as an original signature.

32. **Joint Drafting.** The Parties agree that they and their counsel participated in drafting this Agreement and, accordingly, any ambiguities contained in it shall not be construed against either Party.

33. **Severability and Court Modification.** If any portion of this Agreement is determined to be illegal, unenforceable, or ineffective in a legal forum of competent jurisdiction, the Parties agree that the remaining provisions of this Agreement not declared invalid will continue in full force and effect. If any provisions, terms, clauses, waivers or releases in this Agreement are declared illegal, unenforceable, or ineffective in a legal forum of competent jurisdiction, such provisions, terms, clauses, waivers or releases shall be modified, if possible, in order to achieve, to the extent possible, the intentions of the Parties, without the need for additional consideration.

34. **Entire Agreement.** This Agreement may not be modified or amended except through a written document executed by the Parties. This Agreement sets forth the entire agreement between the Parties, and fully supersedes any and all prior agreements or understandings between them pertaining to the same subject matter. Notwithstanding any other provision of this Agreement, this Agreement does not supersede the "Agreement Memorializing Confidentiality and Non-Disparagement Preferences" between WELCH and BIOREFERENCE.

BY SIGNING THIS AGREEMENT, ERNESTINE NICOLE WELCH ACKNOWLEDGES THAT SHE DOES SO VOLUNTARILY AFTER CAREFULLY READING AND FULLY UNDERSTANDING EACH PROVISION AND ALL OF THE

**EFFECTS OF THIS AGREEMENT, WHICH INCLUDES A RELEASE OF KNOWN AND UNKNOWN CLAIMS AND A RESTRICTION ON FUTURE LEGAL ACTION AGAINST BIOREFERENCE AND OTHER RELEASED PARTIES.**

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Parties have executed the foregoing Settlement Agreement and General Release on the dates indicated below.

DATE: 12 23. 20

By: _Ernestine Nicole Welch_
ERNESTINE NICOLE WELCH

BIOREFERENCE LABORATORIES, INC.

DATE: 1/4/21

By: _____
Name: Jane Pine Wood
Title: VP, Legal

13

# EXHIBIT A

14

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ERNESTINE NICOLE WELCH,

Plaintiff,

v.

BIO-REFERENCE LABORATORIES INC.,

Defendant.

**ECF CASE**

Civil Action No. 1:19-cv-00846-BKS-DJS

**STIPULATION OF DISMISSAL WITH
PREJUDICE AND WITHOUT COSTS**

THE MATTER in dispute having been amicably resolved, it is hereby stipulated and

agreed by and between the undersigned that all claims asserted in the above-captioned case are

hereby dismissed in their entirety with prejudice as against all parties and without costs against

any party.

LAW OFFICE OF PATRICK SORSBY PLLC
1568 Central Avenue
Albany, New York 12205
Attorneys for Plaintiff
Ernestine Nicole Welch

By: _____
PATRICK SORSBY

Dated: 12/23/2020

FAEGRE DRINKER BIDDLE & REATH LLP
1177 Avenue of the Americas, 41st Floor
New York, New York 10036
Attorneys for Defendant
BioReference Laboratories, Inc.

By: _____
WILLIAM R. HORWITZ

Dated: _____