UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

ERNESTINE WELCH,

                                   Plaintiff,                      1:19-cv-0846 (BKS/DJS)

v.

BIO-REFERENCE LABORTORIES, INC.,

                                   Defendant.
_____

**Appearances:**

*For Plaintiff:*
Ernestine Welch, Pro se
Hudson, NY 12534

*For Defendant:*
William R. Horwitz, Esq.
Faegre Drinker Biddle & Reath LLP
600 Campus Drive
Florham Park, NJ 07932

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

Presently before the Court is Plaintiff Ernestine Welch's "Objections to Memorandum-Decision and order/based on breach of contract." (Dkt. No. 50). As this motion challenges the Court's recent Memorandum-Decision and Order in this matter, (Dkt. No. 49), and seeks to "overturn the decision based on the evidence provided and the terms and conditions of the [settlement] contract," (Dkt. No. 50, at 5), the Court construes it as a motion for reconsideration. For the following reasons, Plaintiff's motion is denied.

First, Plaintiff's motion must be denied as untimely. The Local Rules state that "a party may file and serve a motion for reconsideration or reargument no later than FOURTEEN DAYS

after the entry of the challenged judgment, order or decree." N.D.N.Y. L.R. 60.1. Plaintiff filed the motion for reconsideration on June 4, 2021, twenty-five days after the Court entered the May 10, 2021 Memorandum-Decision and Order. (Dkt. Nos. 49, 50). Thus, Plaintiff's motion is denied as untimely. *McGraw-Hill Glob. Educ. Holdings, LLC v. Mathrani*, 293 F. Supp. 3d 394, 397 (S.D.N.Y. 2018) ("[N]umerous cases from this Circuit have held [that] the untimeliness of a motion for reconsideration is reason enough to deny the motion." (citing *Cyrus v. City of New York*, No. 06-cv-4685, 2010 WL 148078, at *1, 2010 U.S. Dist. LEXIS 2800, at *4 (E.D.N.Y. Jan. 14, 2010) (collecting cases)).

Second, Plaintiff's motion, in any event, fails on the merits. In general, a motion for reconsideration may only be granted upon one of three grounds: (1) "an intervening change of controlling law," (2) "the availability of new evidence," or (3) "the need to correct a clear error of law or prevent manifest injustice." *United States v. Zhu*, 41 F. Supp. 3d 341, 342 (S.D.N.Y. 2014) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)); *see also Shannon v. Verizon N.Y., Inc.*, 519 F. Supp. 2d 304, 307 (N.D.N.Y. 2007). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* "The standard for reconsideration is strict and is committed to the discretion of the court." *S.E.C. v. Wojeski*, 752 F. Supp. 2d 220, 223 (N.D.N.Y. 2010) *aff'd sub nom. Smith v. S.E.C.*, 432 F. App'x 10 (2d Cir. 2011).

To her motion, Plaintiff attaches several new documents: "professional proof" of the allegedly wrongful tax withholding from the settlement amount, which consists of a letter dated

May 27, 2021 from Raymond Petrus of Helmedach & Young Inc., stating that Plaintiff "should have only been taxed at 11%," "not taxed at 22%" and attaching "2020 Tax Tables," (Dkt. No. 50-1, at 1–2); print-outs regarding severance pay from a California law firm's website, (Dkt. No. 50-1, at 3–7); and a 2008 memorandum from the "Office of Chief Counsel Internal Revenue Service," regarding the tax consequences of "Employment-Related Judgments and Settlements," (Dkt. No. 50-1, at 32–51).[1] The Petrus letter speculates that Plaintiff "should have only been taxed at 11%" but otherwise contains no specifics that connects it to the facts of this case. Thus, it provides no basis for reconsideration. The other new documents are wholly generic and provide no information that would alter the Court's prior decision.

      Finally, in her motion Plaintiff advances many of the same arguments the Court considered and rejected in its prior Memorandum-Decision and Order. (*Compare* Dkt. No. 50, at 4 ("Plaintiff was not aware of Severance pay until after plaintiff revocation period [and] . . . was never informed about the high tax deduction."); *with* Dkt. No. 43, at 2 (arguing that "Severance pay stipulation was not characterized in the contract agreement signed . . . . The defendants and counsel failed to notify [Plaintiff] of this stipulation")); *see also* Dkt. No. 49, at 6 (rejecting arguments on the grounds that "Plaintiff was informed that taxes would be withheld from the payment both at the November 3, 2020, settlement conference where the agreement was reached and in the settlement agreement" and it was immaterial that "Plaintiff was not aware that Defendant would categorize this payment as severance . . . because severance falls within the broad meaning of wages for tax purposes.")). As Plaintiff has not identified an intervening change in law, new evidence, or a need to correct clear error, her motion for reconsideration is denied.

---

[1] Plaintiff also attaches exhibits filed in connection with her prior motion submissions.

For these reasons, it is hereby

**ORDERED** that Plaintiff's Motion for Reconsideration (Dkt. No. 50) is **DENIED**.

**IT IS SO ORDERED.**

Dated: June 11, 2021

Brenda K. Sannes
U.S. District Judge